B. F. AVERY & SONS v. J. I. CASE PLOW WORKS.

(Circuit Court of Appeals, Seventh Circuit.   October 5, 1909.)

No. 1,548.

DAMAGES (§ 142*)—SUFFICIENCY OF COMPLAINT—SPECIAL DAMAGES.

A complaint alleging that defendant purposely and maliciously and for its own advantage delayed the issuance of a patent to plaintiff on a pending application, by causing another to file an application for the same

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

invention, procuring the declaration of an interference, taking successive appeals, etc., does not state a cause of action for the recovery of damages, unless specific damage is alleged; the case being maintainable, if at all, only as one in the nature of trespass on the case for injury and damage to plaintiff, and the mere postponement of the term of its monopoly not being necessarily to its detriment.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 413; Dec. Dig. § 142.*]

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

Action by B. F. Avery & Sons, a corporation, against J. I. Case Plow Works. Judgment (163 Fed. 842) for defendant on demurrer to complaint, and plaintiff brings error. Affirmed.

The writ of error is to reverse a judgment sustaining a demurrer to the complaint of plaintiff in error and dismissing the action. The facts are stated in the opinion.

L. L. Morrell, for plaintiff in error.

James H. Peirce and Louis Quarles, for defendant in error.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion.

The action in the Court below was by plaintiff in error, a corporation under the laws of the State of Kentucky, against defendant in error, a corporation under the laws of Wisconsin—the complaint averring that prior to September, 1903, one Holsclaw was the inventor of an improvement in Planters, fully set forth in letters patent issued to plaintiff in error, assignee, February 5, 1907; that on the 9th day of September, 1903, application was made to the Patent Office for said patent; that but for interference by defendant in error, in the name of one Sobey, such patent would have issued July 12, 1904; that such interference was instituted upon an application by Sobey for a patent upon a like subject-matter in June, 1904; that such interference proceeded in the usual course until determined by the Examiner of Interferences in favor of Holsclaw in June, 1905; that the determination of priority by the Patent Office was upon the disclosure in the Sobey application that the invention had not been conceived by him until after the filing of the Holsclaw application; that thereupon, defendant in error, to delay a final issuance of the Holsclaw patent, moved for a vacation of the Examiner's judgment, which being denied, defendant in error appealed to the Examiner in Chief; which being denied, defendant in error appealed to the Commissioner of Patents; which being denied, defendant in error moved for a rehearing before the Commissioner; which being denied, defendant in error appealed to the District Court of the District of Columbia; which being denied, defendant in error petitioned for a rehearing in the Court of Appeals for the District of Columbia; which being denied, defendant in error presented a petition to the Supreme Court of the United States for a writ of certiorari; which being denied, further dilatory steps were taken in the Court of Appeals and before the Commissioner of Pat-

ents, the combined effect of which was to postpone the issuance of the patent until the date already named.

Throughout the complaint, it is repeatedly averred that these steps were taken to delay the issuance of the patent; that the appeals were argued upon the theory that the Holsclaw application presented no patentable invention, though under the law the only question reviewable was priority invention—a question settled against defendant in error in its own affidavits; and that the appeals were taken with the wilful and malicious intent to injure and prejudice plaintiff in error, in order that defendant in error might pirate the Holsclaw invention.

The case thus set forth is not, of course, a case of infringement of a patent, for until the patent was issued to plaintiff in error, there could be no infringement of it, either by defendant in error or any other person. Nor is it a case of trespass upon or injury to the monopoly granted to plaintiff in error in the letters patent, so far as that monopoly is embodied in the seventeen year grant contained in the patent; for although the beginning of the monopoly was delayed, its continuance was just as much prolonged.

The case, if any case can be made upon the facts detailed, is one in the nature of trespass on the case for injury and damage to the plaintiff in error, growing out of the postponement of its coming into enjoyment of his grant, due to the alleged malicious conduct of the defendant in error. But to support such an action, if such an action exists at law, it is essential that plaintiff in error should have suffered some specific damage due to the postponement, and that such damage should be specially set forth in the complaint.

No such damage is averred. True, plaintiff in error avers that defendant in error placed upon the market, prior to the issuance of the Holsclaw letters patent, a large number of machines embodying the invention set forth in that application, and that "but for the infringement and pirating of the said invention as aforesaid by the defendant [it] would have been the exclusive manufacturer of implements embodying the said invention and would have derived greater profit from the sale of the said implements embodying the said invention which said sales were prevented by reason of the defendant selling in the same open market implements embodying the same invention." But such averment is not an averment that plaintiff in error has suffered in the enjoyment of its grant as a whole—that is to say, that the grant as an entirety will be less valuable to it than it would have been had it been issued at the time expected—nor are there any averments of damage upon any theory other than because plaintiff in error was entitled to a patent in July, 1904, all sales of implements embodying the invention, between that date and the issuance of the patent, are to be regarded as infringements. This, of course, is not the law, and such a theory cannot be made the basis of any action of which we have knowledge.

The judgment of the Circuit Court is affirmed.