## TEPPER v. ROSS.
### No. 4433.

District Court, D. Massachusetts.

Oct. 24, 1938.

David Rines, of Boston, Mass., for plaintiff.

Benjamin I. Goldberg, of Boston, Mass., Ezekiel Wolf, of Boston, Mass., for defendant.

BREWSTER, District Judge.

This bill in equity was brought under the patent laws of the United States, 35 U.S.C. A. § 70, to secure injunctive relief and an accounting. The defendant does not deny the validity of the patent. The sole question raised is whether the defendant can be charged with infringement.

### Statement of Facts

1. Letters Patent of the United States No. 2,064,232, were issued to the plaintiff December 15, 1936, upon his application filed March 11, 1933. The patent relates to an improvement in easels, one of the novel features being adjustable means for holding the canvas in place upon the easel.

2. The defendant is a dealer in artists' supplies in Boston. Shortly after plaintiff had filed his application for patent, he submitted to the defendant a rough model of his invention. As a result of conversation between them, the defendant undertook to manufacture and distribute to the trade a few experimental easels embodying the invention, in order to ascertain the cost of manufacture and what reception it would receive by the trade. If the cost were reasonable and the response satisfactory, defendant would take from the plaintiff a license to manufacture and sell the easel. The results were not satisfactory, and the license contract was never entered into.

3. In 1934 plaintiff filed in the State Court a bill in equity for specific performance of the alleged license agreement. In this suit the plaintiff charged, in effect, that the defendant had defrauded him by orally promising to enter into a license agreement; by obtaining possession of the plaintiff's experimental easel; and by taking advantage of the knowledge, thus obtained, in manufacturing and selling substantial replicas of the easel. At that time it appeared that the defendant had only made a very few of the easels, of which he had sold only six. Whether any were manufactured after these State proceedings were terminated in favor of the defendant does not appear. The defendant, however, continued to sell the easels up to November, 1936, and has sold none since the patent was issued.

4. At the time the patent was issued, there were on display some of the easels on defendant's shelves, but upon receiving notice that the patent had issued all these easels were returned to the manufacturer with instructions to destroy them. Apparently, the defendant did not succeed in com-

pletely withdrawing from the trade parts of the easels which would be covered by some of the limited claims of the patent, but there is no evidence warranting the inference that the defendant has manufactured or sold these parts since the patent was granted.

I find as a fact that the defendant committed no act of infringment subsequent to the date when the patent issued.

### Conclusions of Law

The sole question presented on the foregoing facts is whether the defendant can be charged, in this suit, for profits or damages resulting from the sale of the easel by the defendant prior to December 15, 1936, when the patent was issued.

It may be stated as a general rule that the monopoly of a patent does not arise until the patent is granted. Gayler v. Wilder, 10 How. 477, at page 493, 13 L.Ed. 504; B. F. Avery & Sons v. J. I. Case Plow Works, 7 Cir., 174 F. 147, 149; Brill v. St. Louis Car Co., C.C., 80 F. 909.

In Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912, 923, it was observed that "where, in advance of the granting of a patent, an invention is disclosed to one who, in breach of the confidence thus reposed, manufactures and sells articles embodying the invention, such person should be held liable for the profits and damages resulting therefrom, not under the patent statutes, but upon the principle that equity will not permit one to unjustly enrich himself at the expense of another."

It will be noted that in the above cited case the recovery was based, not upon a patent statute but upon fundamental principles of equity.

Since there is no diversity of citizenship, defendant argues that this Court is without jurisdiction to entertain the bill. I think, however, that enough has appeared to entitle the plaintiff to injunctive relief under the patent statute, and this Court, thus having jurisdiction over the subject-matter, may proceed to grant such relief as may be just and equitable. Siler v. Louisville & Nashville Railroad Co., 213 U.S. 175, 191, 29 S.Ct. 451, 53 L.Ed. 753.

The cases would seem to hold that, if well-known principles of equity require it, the defendant could be made to account for actual infringement committed prior to the date of the patent. Booth v. Stutz Motor Car Co. of America, 7 Cir., 56 F.2d 962; Chesapeake & O. Ry. Co. v. Kaltenbach, 4 Cir., 95 F.2d 801.

The difficulty with the plaintiff's case is that it is impossible to apply this rule to the facts, which are quite distinguishable from those of the above cited cases upon which the plaintiff relies. Here there is no evidence of a breach of confidence or of any unjust enrichment.

The initial steps taken by the defendant to introduce the easel to the trade were with plaintiff's knowledge and acquiescence. If defendant proceeded upon the assumption that before the patent issued he had a right to dispose of the few he had made up for the purpose of experimentation respecting the cost of manufacture and the reception by the buying public, he violated no principle of equity in so doing.

Moreover, so far as his claim is grounded on fraud or breach of confidential relations, the plaintiff has had his day in court, resulting in a decree in favor of the defendant. Irrespective of the question of res adjudicata, however, I conclude that the facts of this case do not come within the rule that entitles the patentee to profits, or damages, for sales made before the issuance of the patent.

The plaintiff may have an injunction, as prayed for. All other and further relief is denied. The decree to carry no costs for the plaintiff.