## WHITE v. REACH et al.

District Court, S. D. New York.
Jan. 10, 1939.

Marco J. Shemaria, of New York City (Hyman R. Friedman, of New York City, of counsel), for plaintiff.

Milbank, Tweed & Hope, of New York City (John A. Kelly, of New York City, of counsel), for defendant Charles Dallas Reach.

Milton Eisen, of New York City, for defendants Ryan, Norman, and Noblette.

GODDARD, District Judge.

Several motions are made respecting the above entitled case. The first is a motion by plaintiff to amend the complaint so as to allege that the defendant, Reach, is a citizen of New Jersey, which is consented to. Another motion is made by the defendant, Reach, and joined in by defendants, Norman, Ryan and Noblette, to vacate plaintiff's notices of examinations before trial pursuant to Rule 26 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, in respect

to the first cause of action, on the ground that the first cause of action is a suit involving the infringement of a copyright under the Act of March 4, 1909, c. 320, § 25 (35 Stat. 1081), as amended, Title 17, U.S.C. § 25, 17 U.S.C.A. § 25.

The contention made in behalf of these said defendants is that the new Federal Rules of Civil Procedure do not apply to copyright proceedings, and counsel rely upon Rule 81(a) (1), 28 U.S.C.A. following section 723c, which provides in part—

"(a) To What Proceedings Applicable.

"1. These rules do not apply to proceedings in admiralty. They do not apply to proceedings in bankruptcy or proceedings in copyright under the Act of March 4, 1909, c. 320, § 25 (35 Stat. 1081), as amended, U.S.C., Title 17, § 25, except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States. * * *"

It is true that so far as the court is aware no rule has been promulgated by the Supreme Court since the new rules of Civil Procedure were adopted, making these rules applicable to copyright proceedings. However, the Act of March 4, 1909, § 25, as amended, Title 17, U.S.C. § 25, 17 U.S.C.A. § 25, relating to proceedings in copyright, provides in part—"Rules of Procedure. Rules and regulations for practice and procedure under this section shall be prescribed by the Supreme Court of the United States".

Pursuant to this power, the Supreme Court promulgated certain rules of practice in 1909, which are still in effect. Rule 1 provides—"The existing rules of equity practice, so far as they may be applicable, shall be enforced in proceedings instituted under section twenty-five (25) of the Act of March fourth, nineteen hundred and nine, entitled 'An act to amend and consolidate the acts respecting copyright.'" (See Copyright Rules of Practice, following section 25, 17 U.S.C.A.).

 The present action is instituted under Title 17, U.S.C. § 25, 17 U.S.C.A. § 25. "The existing rules of equity practice" are contained in the Federal Rules of Civil Procedure. (See Rule 1). The rules relating to depositions are "applicable" to this action and are quite consistent with the Copyright Rules in this respect, at least, so that it seems to me that despite the wording of Rule 81(a) (1), the Federal Rules of Civil Procedure apply today to

proceedings under Title 17, U.S.C., § 25, 17 U.S.C.A. § 25, to the extent that they are applicable thereto in fact. Therefore, I am of the opinion that the plaintiff's motions to vacate the notices of examinations in respect to the first cause of action should be denied.

There is also a motion by defendant, Reach, to dismiss the second and third causes of action on the ground that the court lacks jurisdiction of said causes of action for the reason that the second and third causes of action are distinct from and unrelated to the first cause of action, and that neither in the second nor third cause of action does it appear that the matter in controversy exceeds $3,000, and further that it appears in the second cause of action there is not the required diversity of citizenship between the plaintiff and the defendants, as both the plaintiff and all the defendants, except Reach, who is a citizen of New Jersey, are citizens of New York. The defendants, Norman, Ryan and Noblette, move to dismiss the second cause of action as to them on similar grounds.

The first cause of action alleges that the defendants infringed the plaintiff's copyright in the broadcasting of a radio production entitled "Fun in Swingtime", and the plaintiff invokes the jurisdiction of this court under the Copyright Laws of the United States.

The second cause of action alleges that the defendants, Reach, Norman and Noblette, conspired among themselves to hinder, impede and prevent the plaintiff from securing adequate auditions, rehearsals and "tryouts" for the purpose of inducing prospective sponsors to employ the plaintiff in the production of the program created by the plaintiff "Fun in Swingtime", and that plaintiff was unable to exercise an option for the continuance of the services of the defendants, Ryan and Noblette, and has suffered irreparable injury for which no remedy exists except in this court of equity.

The third cause of action alleges that the defendant, Reach, wrongfully, corruptly and maliciously enticed the defendants, Ryan and Noblette, and induced them to breach their contract with the plaintiff, and that the plaintiff suffered irreparable injury for which no remedy exists except in this court of equity.

The relief prayed for includes an injunction restraining the defendants and each of them from further acts of copy-

right infringement; an account of the profits accruing to the defendants and each of them as a result of their copyright infringement; an injunction restraining the continuance of the breach of contract on the part of the defendants, Ryan, and Noblette; damages against the defendants, Ryan, Noblette and Norman, for breach of their agreements with the plaintiff; damages against the defendant, Reach, for maliciously, wrongfully and corruptly inducing a breach of the agreements between the plaintiff and the defendants, Ryan and Noblette.

 In the second cause of action the diversity of citizenship is lacking for, although the defendant, Reach, is a citizen of New Jersey, the defendants, Norman, Ryan and Noblette, are citizens of New York, as is the plaintiff. Moreover, it does not definitely appear, even from the supplemental affidavit submitted by the plaintiff, that the matter in controversy involved in the second cause of action exceeds the necessary $3,000 required (28 U.S.C. § 41, 28 U.S.C.A. § 41).

The bill of complaint having been amended to allege the defendant, Reach, is a citizen of New Jersey, there is a diversity of citizenship alleged in so far as the third cause of action is concerned, as the plaintiff is alleged to be a citizen of New York. But here again, definite allegations of the necessary jurisdictional amount are lacking.

The theory of the plaintiff seems to be that even if the second and third causes of action lack diversity of citizenship and jurisdictional amounts, this court should take jurisdiction thereof "by virtue of its jurisdiction in the first cause". But the second cause of action charging conspiracy to prevent the plaintiff from securing auditions and rehearsals and from exercising his option, and the third cause of action charging that Reach wrongfully and maliciously induced Ryan and Noblette to breach their contract with the plaintiff, are not so inseparably connected with the statutory wrong of the copyright infringement alleged in the first cause of action as to come within the doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. The non-federal causes of action are separate and apart from the federal cause of action; they depend upon facts which are irrelevant to proof of the federal cause of action; they do not grow out of the same facts. The second and third causes of action are unrelated to the first cause of action; the parties are different and the relief which may be granted is not the same. It is not a case where several distinct grounds in support of a single cause of action are alleged, only one of which presents a federal question. It is therefore clear that this court may not take jurisdiction of the second and third causes of action, which are not federal. Hurn v. Oursler, supra; Foster D. Snell, Inc. v. Potters, et al., 2 Cir., 88 F.2d 611; Stark Bros. Co. v. Stark, 255 U.S. 50, 41 S.Ct. 221, 65 L.Ed. 496; Mitchell & Weber, Inc. v. Williamsbridge Mills, Inc. et al., D.C., 14 F.Supp. 954; Zenie Bros. v. Miskend, D.C., 10 F.Supp. 779.

Accordingly, the plaintiff's motion to amend the bill of complaint, so as to allege that the defendant, Reach, is a citizen of New Jersey, is granted. The motions of the defendants, Reach, Norman, Ryan and Noblette, to vacate the plaintiff's notices of examinations in respect to the first cause of action, are denied. The motion of Reach to dismiss the second and third causes of action as to him, is granted. The motions of the defendants, Norman, Ryan and Noblette, to dismiss the second cause of action as to them, are granted.

Settle orders on notice.