## HYDRAULIC PRESS MFG. CO. v. COLUMBUS MALLEABLE IRON CO. et al.

### No. 1107.

District Court, S. D. Ohio, E. D.

Nov. 7, 1940.

Toulmin & Toulmin, of Dayton, Ohio, for plaintiff.

Corbett & Mahoney, of Columbus, Ohio, Max D. Farmer, of Buffalo, N. Y., and Berry & McCulloch, of Piqua, Ohio, for defendants.

NEVIN, District Judge.

On October 24, 1938, plaintiff herein, having first obtained leave of court, filed an amendment to its bill of complaint. The bill was amended by adding after Paragraph 12 thereof a Paragraph No. 12a, and by adding at the end of the prayers thereof, and before Paragraph 15, a subparagraph marked (d). Paragraph 12a reads as follows: "12a. On information and belief, that the defendants, The Columbus Malleable Iron Company and The French Oil Mill Machinery Company, have entered into a wrongful and unlawful civil conspiracy with others, unknown to plaintiff, at this time, to commit and cause to be committed infringement of the aforesaid letters patent and entered into a wrongful and unlawful civil conspiracy with others, unknown to plaintiff, to take plaintiff's patented property and by mass agreement and financing by an undisclosed group of manufacturers opposed to the plaintiff, to deprive it unlawfully of its rights under its letters patent, and to prevent plaintiff from enjoying the rights granted to it by the United States under its letters patent."

In the added paragraph of the prayer plaintiff seeks to restrain and enjoin defendants from further conspiring against it, etc.

On December 12, 1938, defendants filed an amended answer to the amended and supplemental bill of complaint. In this amended answer, in Paragraphs 37, 38 and 40 thereof, defendants challenge the jurisdiction of this court to hear and determine any issues raised by Paragraph 12a of the amended bill of complaint "for the reason that it relates to an alleged civil conspiracy, which is a matter that does not arise under the patent or any other laws of the

United States and therefore relates to an alleged cause of action that is not within the jurisdiction of a Federal Court in the absence of diversity of citizenship. * * * that the Bill of Complaint as now amended does not allege diversity of citizenship of the plaintiff and defendants, nor that the subject matter in controversy equals or exceeds the sum of Three Thousand Dollars ($3,000.00)."

On March 1, 1939, defendants filed a document entitled "Motion to hear and determine certain issues before trial." This motion was filed in accordance with the provisions of Rule 12, Sections (b), (d) and (h) of the Rules of Civil Procedure. In their motion defendants move that the court hear and dispose of the defenses set up in Paragraphs 37, 38, 39 and 40 of defendants' amended answer before the trial of the cause.

Pursuant to this motion a hearing was held on May 9, 1939, at which time the questions raised by the defenses (along with other questions on other motions pending at the time) were orally presented and argued to the court. Numerous authorities were cited and later briefs in support of and contra the contention of defendants were filed.

Upon a consideration of the allegations of Paragraph 12a and the defenses thereto, as set out in Paragraphs 37, 38 and 40 of defendants' amended answer, the court is of opinion that defendants are correct in their claims, and that this court is without jurisdiction to hear and determine in this cause the matters alleged by plaintiff in Paragraph 12a, or to grant the relief prayed for by plaintiff in the additional Paragraph (d).

It is the view of the court that 'Paragraph 12a presents a distinct cause of action from that otherwise presented by the bill of complaint and the amended and supplemental bill of complaint even though reference is made therein to alleged patent infringement.

It is conceded in the pleadings that plaintiff and defendants are all corporations organized and existing under the laws of the State of Ohio, and that each is an inhabitant of, and has its regular and established place of business in, the State of Ohio.

Defendants concede, of course, that irrespective of this, the court has jurisdiction insofar as the question of patent infringement is concerned.

Plaintiff claims that because the court has jurisdiction in this cause due to the alleged patent infringement (Rec. p. 52) "any other collateral causes of action and collateral torts charged, such as a conspiracy tort follows along with and will be heard by the Court based upon the original cause of action." In support of its contention plaintiff cites (among other cases) and emphasizes Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195.

Plaintiff's contention cannot be sustained if Paragraph 12a presents a distinct cause of action. This is squarely decided by the Supreme Court in Hurn v. Oursler, 289 U.S. 238, at pages 245–246, 53 S.Ct. 586, at page 589, 77 L.Ed. 1148, the court say: "But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal ground; in the latter it may not do so upon the nonfederal cause of action."

The foregoing ruling was not changed by the Supreme Court in the Nu-Enamel case, supra. On the contrary, (305 U.S. at page 325, 59 S.Ct. at page 196, 83 L.Ed. 195) the court say: "The Oursler Case held that where the causes of action are different, the determination that the federal cause fails calls for dismissal. But where there is only one cause of action we do not consider that the holding of the invalidity furnishes any basis for a distinction between this and the Oursler Case."

The distinction which the court seeks here to point out is very clearly shown by the court in White v. Reach, D.C., 26 F.Supp. 77, which, upon the facts, is quite similar to the case at bar. In the White case, the court (26 F.Supp. at page 79) say: "The theory of the plaintiff seems to be that even if the second and third

causes of action lack diversity of citizenship and jurisdictional amounts, this court should take jurisdiction thereof 'by virtue of its jurisdiction in the first cause'. But the second cause of action charging conspiracy * * * [is] not so inseparably connected with the statutory wrong of the copyright infringement [or here, patent infringement] alleged in the first cause of action as to come within the doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. The non-federal causes of action are separate and apart from the federal cause of action; they depend upon facts which are irrelevant to proof of the federal cause of action; they do not grow out of the same facts. The second and third causes of action are unrelated to the first cause of action; the parties are different and the relief which may be granted is not the same. It is not a case where several distinct grounds in support of a single cause of action are alleged, only one of which presents a federal question. It is therefore clear that this court may not take jurisdiction of the second and third causes of action, which are not federal." (citing authorities)

 Under the applicable law the court concludes that it has no jurisdiction to hear and determine the issues raised by Paragraph 12a of the amendment to the bill of complaint, and that that amendment and the allegations contained therein should be dismissed and so much of the prayer as has reference thereto should be stricken from the amended bill of complaint. Counsel may prepare and submit an order in accordance with the ruling of the court.

As the court understands it, the foregoing disposes of all matters now pending on motion, or otherwise, except plaintiff's motion for a preliminary injunction which was filed on October 24, 1938.

The record shows that on that same date, to-wit: October 24, 1938, plaintiff also filed a motion for a temporary restraining order. The temporary restraining order was granted by Judge Underwood. Thereafter a stipulation, entered into by the parties, was filed on November 1, 1938, in which it was agreed that "the temporary restraining order issued on October 24, 1938 in this cause be continued in full force and effect until the Court's decision on the pending motion for a preliminary injunction and on the order to show cause * * *."

Based on this stipulation, an order was entered on November 1, 1938, by Judge Underwood, in which it is decreed that "the temporary restraining order granted herein on October 24, 1938, be and the same hereby is extended and continued in full force and effect until the Court's decision on the pending motion for a preliminary injunction on the order to show cause, is handed down herein."

Irrespective of the conclusion it has reached as above set forth with respect to Paragraph 12a and also irrespective of the court's order dated July 21, 1939, overruling plaintiff's motion "to produce documents", the court is of opinion that, in view of the stipulation of the parties, the temporary restraining order should continue in full force and effect, with the understanding that it may be called to the court's attention and a disposition of it made at, during, or after the trial of this cause on the merits. The court will not, therefore, at this time pass on plaintiff's motion filed October 24, 1938, "for preliminary injunction and order to show cause." That will remain for later disposition.

As stated by counsel for plaintiff in their brief, no harm can result to defendants from this sort of an arrangement because the purpose of the restraining order is merely to preserve evidence.

The court is ready to hear this cause on the merits at an early date, but will hear from counsel in this regard before making a definite assignment.