## ANCHOR HOCKING GLASS CORPORATION v. WHITE CAP CO.

### No. 215.

District Court, D. Delaware.

Sept. 23, 1942.

John J. Mahoney, of Columbus, Ohio, E. Ennalls Berl, of Wilmington, Del., Hugh C. Laughlin, of Lancaster, Ohio, and Corbett, Mahoney & Miller, of Columbus, Ohio, for plaintiff.

Comfort S. Butler, of Chicago, Ill., Josiah Marvel, Jr., of Wilmington, Del., and Cromwell, Greist & Warden, of Chicago, Ill., for defendant.

JONES, Circuit Judge, specially assigned.

The plaintiff sues to enjoin the defendant's alleged infringement of Letters Patent No. 2,017,766, relating to a sealing machine and method, and for an accounting of the profits and damages flowing from the alleged infringement, praying that the damages be trebled on the ground that the infringement was wilful and wanton. Both parties to the suit are corporations of the State of Delaware and the complaint predicates jurisdiction expressly upon the matter arising under the Patent Laws.

The patent involved was applied for on October 10, 1928, by George W. Mullen, the inventor, while he was employed by Anchor Cap & Closure Corporation under a written contract of October 30, 1925. On October 1, 1928, Mullen, pursuant to his employment contract, assigned to Anchor Cap & Closure Corporation all of his right, title and interest in and to the invention and the patent application (then to be filed). Letters Patent were issued on the application on October 15, 1935. By assignment of May 29, 1941, duly recorded, Anchor Cap & Closure Corporation transferred to Anchor Hocking Glass Corporation, the plaintiff, all of its right, title and interest in and to the invention and the Letters Patent.

In addition to averring the patent, the plaintiff's title thereto, the protection afforded by the patent (presumptive from the grant of the Letters) and the defendant's infringement, the complaint also alleges at considerable length what amounts to a charge that the defendant induced the inventor to breach his contract of employment with the Cap company by having him disclose to the defendant (subsequent to September 1, 1929, and while the application for the patent was pending) the teaching set forth in the patent application and drawings of the invention, all of which Mullen was obligated to keep secret and confidential, under his contract with the Cap company; that this was accomplished by means of a wrongful and unlawful conspiracy between the defendant, Mullen and others unknown to the plaintiff; and that the defendant was thereby enabled to, and did, wrongfully, unlawfully and fraudulently manufacture, use and sell "apparatus embodying the invention disclosed in said * * * Patent to Mullen No. 2,017,766" in infringement thereof, both directly and contributorily. The complaint further avers that Anchor Cap & Closure Corporation on May 29, 1941, assigned to the plaintiff Mullen's contract of employment of October 30, 1925, and all claims or rights thereunder or arising therefrom. A copy of the contract is attached to the complaint as an exhibit.

The matter is now before the court on the defendant's motion under Rule 12(f) of the Rules of Civil Procedure, 28 U.S.C. A. following section 723c, to strike so much of the complaint as treats with the defendant's alleged corruption of Mullen, in violation of his contract of employment with Anchor Cap & Closure Corporation, on the ground that such matter is immaterial to the cause of action set forth in the complaint and, further, is impertinent, scandalous and prejudicial. After careful consideration of the thorough and complete original and reply briefs of respective counsel, we are disposed to grant the defendant's motion.

■ ■ The allegations complained of have no proper place in the trial or disposition of the one cause of action whereon the suit is based, viz., the defendant's

alleged infringement of Letters Patent No. 2,017,766. Whatever right the plaintiff has to practice exclusively the invention covered by the patent arose alone from the grant of the patent. So far as that right inheres in the plaintiff, it was the patent that created it. Gayler et al. v. Wilder, 10 How. 477, 493, 51 U.S. 477, 13 L.Ed. 504; Marsh v. Nichols, 128 U.S. 605, 612, 9 S.Ct. 168, 32 L.Ed. 538. Necessarily, therefore, there can be no infringement of a patent until the patent has issued. B. F. Avery & Sons v. J. I. Case Plow Works, 7 Cir., 174 F. 147, 149. Consequently, the particular matter to which the defendant's motion is directed is wholly immaterial in point of chronology.

██ Furthermore, the matter is immaterial to the merit of the action. The answer to whether the defendant has infringed or is infringing the patent will neither be helped nor hindered by a showing of the means whereby the defendant allegedly gained knowledge of the invention covered by the patent. Cf. Miner v. T. H. Symington Co., 2 Cir., 247 F. 515, 521. Just as was pointed out in the Miner case at page 522 of 247 F. the defendant's conduct in respect of the invention may readily become relevant to the question of the damages allowable once infringement be found. But, whether or not there has been infringement will not be governed or even influenced by the character of the damages allowable according to the circumstances shown in connection with the proof of damages. An award of treble damages is properly made after an accounting has been had pursuant to a finding of infringement. The Court of Appeals for the Seventh Circuit specifically so ruled in Pyle Nat. Co. et al. v. Lewin, 7 Cir., 92 F.2d 628, 631 saying that "A reading of section 70, title 35, U.S.C.A., indicates this to be the proper procedure." See, also, Miner v. T. H. Symington Co., supra; Utah Radio Products Co. v. Delco Appliance Corporation, D.C.W.D.N.Y., 24 F. Supp. 328, 342 and cases there cited. Obviously, it would serve only to increase unnecessarily the expense and inconvenience of the infringement action to enter upon a hearing of the defendant's alleged wrongful acquisition, prior to the grant of the patent, of knowledge of the invention and its principle, if in the end it were found that the patent is invalid or, even if valid, that the defendant has not infringed it. The present immateriality to the infringement suit of the allegations of matter antedating the issuance of the patent seems clear.

██ Nor may the plaintiff utilize the allegations, which the defendant moves to strike, as support for a separate cause of action for a common law tort. As the complaint makes plain, only one cause of action is set forth therein, namely, the defendant's alleged patent infringement. In fact, the complaint not only does not allege an additional cause of action but it expressly pleads a case cognizable under the Patent Laws and, at the same time, excludes federal jurisdiction of the common law tort involved in the allegations by affirmatively showing that the citizenship of the parties is the same and without any averment of an amount in controversy. The plaintiff in effect argues that a nonfederal matter is cognizable in a federal court once the court's jurisdiction has attached because of a federally pleaded cause between the same parties. "But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action." Hurn v. Oursler, 289 U.S. 238, 245, 53 S.Ct. 586, 589, 77 L.Ed. 1148. The distinction to be observed, as the Supreme Court admonished in Hurn v. Oursler, supra, 289 U.S. at page 246, 53 S.Ct. at page 589, 77 L.Ed. 1148, clearly indicates that in "a case where two separate and distinct causes of action are alleged, only one of which is federal in character" a federal court may not dispose of the case upon the nonfederal cause of action. The ruling in Foster D. Snell, Inc., v. Potters et al., 2 Cir., 88 F.2d 611, 612 where the want of jurisdiction of a separate and distinct nonfederal cause was adjudged, is directly in point here. See, also, Hydraulic Press Mfg. Co. v. Columbus Malleable Iron Co., D.C.S.D. Ohio, 35 F.Supp. 603, 604; White v. Reach et al., D.C.S.D.N.Y., 26 F.Supp. 77, 79. In the present case the facts which give rise to the common law tort—not federally cognizable, diversity of citizenship being wanting—are not the facts upon which the infringement action is based. As we have already had occasion to point out, the defendant's alleged wrongful conduct in respect of Mullen and his invention occurred before the patent ever issued and, hence, before any cause of action for infringement could have arisen.

454

Being of the opinion that the allegations of the complaint which the defendant moves to strike are immaterial to the cause of action averred, it becomes unnecessary to consider whether such allegations also amount to scandal and impertinence. We may observe, however, that they are far from the "simple, concise, and direct" form of pleading contemplated by Rule 8(e) (1) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. For four and one-half pages of legal cap, subdivision IX of the complaint proceeds with a narrative which, in its prolixity, would be violative of the rule even had it any proper place in the infringement suit.

The defendant's motion to strike is granted. An order will be entered accordingly.