Jaan AARISMAA, IV, Plaintiff,

v.

**Dr. John E. MAYE, James H. Fertig, Esq. Daniel K. Tennant, Lawrence Philp, Hon. W. Howard Sullivan, City of Norwich, NY, Defendants.**

No. 94–CV–1550.

United States District Court, N.D. New York.

June 23, 1995.

Jaan Aarismaa, IV, plaintiff, pro se.

James H. Fertig, defendant, pro se.

Coughlin & Gerhart (Paul J. Sweeney, of counsel), Binghamton, NY, for defendants Maye and Tennant.

Dennis Vacco, New York State Atty. Gen. (Earl F. Gialanella, Asst. Atty. Gen., of counsel), Albany, NY, for defendant Sullivan.

Hartjen & Hudanich (Lee C. Hartjen, of counsel), Johnson City, NY, for defendant City of Norwich.

---

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

At oral argument on April 28, 1995, the court granted defendants' motions to dismiss the action based on the court's lack of jurisdiction under the *Rooker–Feldman* doctrine. These motions were brought by defendants Sullivan, Maye, Tennant and Fertig. Accordingly, the court also denied plaintiff's cross-motion for summary judgment. This oral decision was summarized in an order dated May 8, 1995.

In reaching this decision the court held that the Federal Rules of Civil Procedure were applicable to the case, and more particularly, to the motions at issue. Plaintiff had asserted that the Federal Rules of Civil Procedure were inapplicable because the case involved copyright law. Plaintiff now seeks reconsideration of the May 8, 1995 order based on this same argument. Plaintiff brings this motion pursuant to Fed.R.Civ.P. 60(b)(3) and 60(b)(4). Defendants Fertig, Maye, Tennant and Sullivan have opposed the motion. Additionally, at this time, defendant City of Norwich moves for dismissal.

## II. DISCUSSION

### A. Reconsideration Under Rules 60(b)(3) and (4)

Fed.R.Civ.P. 60(b)(3) allows the court to relieve a party from a judgment or order for fraud, misrepresentation, or other misconduct by an opposing party. Fed.R.Civ.P. 60(b)(4) allows relief from a judgment or order when it is void. Plaintiff claims that both situations arise here due to defendant Maye and Tennant's allegedly fraudulent misrepresentation to the court that the Federal Rules of Civil Procedure are applicable to this action and due to the fact that the May 8, 1995 order is void because the Federal Rules of Civil Procedure do not apply. The court finds these arguments meritless.

Plaintiff claims that this is a copyright law case, and so the Federal Rules of Civil Procedure are inapplicable. Accordingly, relying on Fed.R.Civ.P. 81(a)(1) for legal support, plaintiff again claims that defendants' motions for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) were procedurally void. As stated in the oral decision on April 28, 1995, however, Fed.R.Civ.P. 81(a)(1) makes the Federal Rules of Civil Procedure inapplicable to copyright law cases *"except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States."* The Supreme Court has made the Federal Rules of Civil Procedure applicable to copyright actions under Rule 1 of the Rules of Practice for copyright cases annexed to Title 17 of the United States Code "in so far as they are not inconsistent with" the copyright Rules of Practice. Rules of Practice as Amended, Rule 1, 17 U.S.C. foll. § 501 (1977).

Based on these rules, the court previously decided that the Federal Rules of Civil Procedure were applicable even if this was a copyright action, and so, the defendants' dismissal motions were procedurally correct. Finding that plaintiff has made no valid argument for abandoning this reasoning, the court stands by its prior decision and again finds that the Federal Rules of Civil Proce-

dure apply to this action. *See White v. Reach,* 26 F.Supp. 77, 78 (S.D.N.Y.1939) (finding the Federal Rules of Civil Procedure applicable to a copyright infringement action for the same reasons cited in this court's oral decision of April 28, 1995). Therefore, the court finds that defendants Maye and Tennant did not make fraudulent misrepresentations to the court and that the order is not void due to a mistake of law. Accordingly, plaintiff's motion pursuant to Fed.R.Civ.P. 60(b)(3) and (4) is denied and the May 8, 1995 order remains intact.

### B. Dismissal of Defendant City of Norwich

■ In the court's oral ruling on April 28, 1995, it determined that it lacked subject matter jurisdiction to entertain plaintiff's complaint for to proceed otherwise would inextricably require this court to review the prior decision of the Norwich City Court for error, an action barred by the *Rooker–Feldman* doctrine under which federal district courts are without power to review state court decisions. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). The court held that, "in short, an inferior federal court established by Congress pursuant to Art. III, § 1, of the Constitution may not act as an appellate tribunal for the purpose of overruling a state court judgment, even though the judgment may rest on an erroneous resolution of constitutional or federal law issues." *Texaco Inc. v. Pennzoil Co.,* 784 F.2d 1133, 1142 (2d Cir.1986), *rev'd on other grounds,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). As the court noted, because plaintiff is clearly and solely seeking federal court intervention to correct the alleged mistakes made by the Norwich City Court, the court is without jurisdiction to entertain his suit. Based on this lack of subject matter jurisdiction, the court must

also grant the dismissal motion now brought by the City of Norwich.[1]

### C. Dismissal of Defendant Philp

Defendant Philp is the only party who has not moved for dismissal or filed an answer in this action. It appears that he was served, however. Regardless of his failure to take action in this suit, the court now dismisses the action against him *sua sponte* due to the lack of subject matter jurisdiction. *See* Fed. R.Civ.P. 12(h)(3); *Hughes v. Patrolmen's Benevolent Ass'n,* 850 F.2d 876, 881 (2d Cir. 1988) (stating that "federal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* by a federal court when there is an indication that jurisdiction is lacking").

### III. CONCLUSION

In summary, the court denies plaintiff's motion pursuant to Fed.R.Civ.P. 60(b)(3) and (4) and grants defendant City of Norwich's motion for dismissal. The court dismisses the action as to defendant Philp *sua sponte* and directs the Clerk to close the case.

IT IS SO ORDERED.

---

1. Plaintiff states in his affidavit in opposition to this motion that the City of Norwich is in default. However, plaintiff has not taken any steps to obtain an entry or judgment of default against the City of Norwich. Moreover, even if plaintiff had done so, the court could exercise its discretion and refuse to enter a default. Such use of discretion is allowed when a defendant appears and indicates a desire to contest the action, as the City of Norwich has done through its dismissal motion. *See* 10 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (1983).