STARK BROS. NURSERIES & ORCHARDS COMPANY *v.* STARK ET AL., TRUSTEES, DOING BUSINESS UNDER THE NAME AND STYLE OF WILLIAM P. STARK NURSERIES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 171.   Argued January 21, 1921.—Decided January 31, 1921.

1. The damages recoverable under the Trade-Mark Act for infringement of a registered trade-mark are limited to those inflicted after the registration, and, if the notice of registration has not been attached to the mark, as prescribed by the act (§ 28), to those arising after the defendant was notified of infringement. P. 52.
2. Where the action arises wholly under the Trade-Mark Act, diversity of citizenship being absent, the District Court is without jurisdiction to require an accounting for profits resulting from unfair competition before the registration, or (*semble*) before the notice conditioning liability to damages, *ut supra. Id.*

257 Fed. Rep. 9, affirmed.

THE case is stated in the opinion.

*Mr. Andrew B. Remick* for petitioner.

*Mr. Xenophon P. Wilfley* for respondents.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit brought September 11, 1916, in the District Court of the United States, by the petitioner, a Missouri corporation, against citizens of Missouri, for an infringement of a trade-mark, "Stark Trees," registered under the Act of Congress of February 20, 1905, c. 592, 33 Stat. 724, and amendments. The District Court found infringement and unfair competition, granted an injunction, and made a decree for an account of profits from March 11, 1914, when the infringement began, limiting the damages, however, to those suffered after August 26, 1916, that being the date when the plaintiff gave the defendant notice of the registration of the mark. The Circuit Court of Appeals concurred with the District Court as to the facts but limited the account as well as the damages to the date when notice was given of the registered mark, a few days before the bringing of this suit. 248 Fed. Rep. 154. 257 Fed. Rep. 9. This limitation is the only question here.

By § 28 of the Trade-Mark Act it is made the duty of the registrant to give notice to the public by attaching certain specified words or abbreviations to the trade-mark or to the receptacle wherein the article is enclosed; "and in any suit for infringement by a party failing so to give notice of registration no damages shall be recovered, except on proof that the defendant was duly notified of infringement, and continued the same after such notice." 33 Stat. 730. The infringement that is sued for is infringement of a registered trade-mark, not infringement

of a trade-mark. That is the plain meaning of the above words and the necessary scope of this suit since that is the scope of the jurisdiction of the District Court. *A. Leschen & Sons Rope Co.* v. *Broderick & Bascom Rope Co.*, 201 U. S. 166, 172. It seems very plain that the plaintiff had a cause of action outside the statute, but that would have to be asserted elsewhere, as the suit was between citizens of the same State. The statute alone gave the right to come into this Court of the United States. Coming in to assert its statutory rights, we will assume in the plaintiff's favor that it could recover for unfair competition that was inseparable from the statutory wrong, but it could not reach back and recover for earlier injuries to rights derived from a different source.

The plaintiff argues that a notice of March 11, 1914, calling on the defendants "to discontinue the unfair competition and infringement on our rights" coupled with the wilful character of the defendants' wrongdoing ought to lead to a different result, and the District Judge seems to have had a similar notion. But that is to forget the origin and necessary limit of the jurisdiction in this case.

*Decree affirmed.*