### TAYLOR v. BOSTICK.

(Circuit Court of Appeals, Third Circuit.    May 16, 1924.)

No. 3086.

1. **Trade-marks and trade-names and unfair competition ☚60—Trade-mark No. 87,574, used on packages containing "Hooper's Pills," held not infringed.**

Trade-mark No. 87,574, used on packages containing "Hooper's Pills," on narrow paper binding band of same general dimensions, color and design as band on packages in which such pills were generally sold before registration of trade-mark by plaintiff, *held* not infringed by binding band on packages in which defendant sold such pills, imitating novelty of plaintiff's trade-mark only in gold color of seal and in word "gold" impressed thereon.

2. **Trade-marks and trade-names and unfair competition ☚17—Color, unaccompanied by distinguishing sign, seal, or symbol, not sufficient to constitute trade-mark.**

Generally, a trader may not monopolize a particular color; color alone, unaccompanied by distinguishing sign, seal, or symbol being insufficient to constitute a trade-mark.

3. **Courts ☚292—Federal court having decided for defendant on issue of relief as to registered trade-mark infringement, has no jurisdiction to determine question of unfair competition, in absence of diversity of citizenship.**

In action to enjoin infringement of trade-mark and unfair competition, in which federal court did not have jurisdiction because of diversity of citizenship, the court, having determined that plaintiff was not entitled to relief with respect to trade-mark, had no jurisdiction to determine question of unfair competition.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit by Horace B. Taylor, for whom Isabel J. Taylor, executrix of the estate of Horace B. Taylor, was substituted, against Elmer E. Bostick. Decree of dismissal, and plaintiff appeals. Affirmed.

E. Hayward Fairbanks, of Philadelphia, Pa., for appellant.

Hector T. Fenton, of Philadelphia, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge.    Horace B. Taylor instituted this suit in equity against Elmer E. Bostick to obtain relief for the alleged infringement of plaintiff's trade-mark, No. 87,574, registered July 23, 1912, and for unfair competition. Both were citizens of the state of Pennsylvania. The plaintiff died, and his executrix was substituted as party plaintiff. The court below on final hearing held the trade-mark not infringed, denied the relief sought on the ground of unfair competition, and dismissed the bill of complaint. The plaintiff, assigning those acts of the court as errors, appealed.

The trade-mark is used upon packages containing Hooper's Pills. It is carried on a narrow paper binding band, about an inch wide and five or six inches long, by which the circular wrapped about the oval wooden pill box is held in place. The general color or background of the band is red. Midway the length of the band is a circular piece

of sealing wax or thick printing ink, about seven-eighths of an inch in diameter and gold in color. Upon its center is impressed a star, above which is the word "Star." In small letters, near the lower part of the periphery of the seal, are the words "Gold Seal." The red binding band is dotted near the top and bottom margins with black trefoiled figures. Running through these figures at the top and bottom of the band, and on each side of the central seal, are long, narrow white spaces. In the upper white space at the left of the seal the word "Star" is printed. In the lower white space on the same side of the seal are the words "Gold Seal." Across the left end of the band is a rather inconspicuous pictorial representation of an animal seal. On the left side of the wax seal, and running down the center of the band, is the word "Hooper's," and on the right is the word "Pills." These two words are printed in large letters. In the application for the registration of the trade-mark, the words "Hooper's" and "Pills" were expressly disclaimed.

Hooper's Pills were made originally in England a very long time ago under a formula described in a British patent to Hooper. For upwards of 30 years "Hooper's Pills" have been made in the United States under that formula, modified from time to time as set forth in successive editions of the United States Dispensary. During all that time they have been sold in small oval wooden boxes wrapped in a circular, carrying an abstract of the British letters patent, held in place by a binding band of the same general dimensions, color, and design as that of the plaintiff. The narrow white spaces, however, contained no printing, and the representation of an animal seal was not used. The central wax seal was of the same design, but not of the same color; as that of the plaintiff. The earlier seals were red, blue, or black, and bore at the center the impressions "Red Seal," "Blue Seal," and "Black Seal," respectively, and near the upper part of the circumference the words "Dr. Hooper's" and near the lower the word "Improved."

[1] The defendant uses a binding band of the long-established size, color, and design. The narrow white spaces contain no printing. There is no representation of an animal seal. The wax seal is of the same size and design as those in use when the plaintiff began in the year 1911 to use his trade-mark, subsequently registered; but its color is that of gold. Upon its center are impressed the words "Gold Seal." Above them, in smaller letters, near the circumference are the words "Dr. Hooper's," and below them, in letters of like size and in like relation to the circumference, the word "improved." Neither the star nor the word "star," used by the plaintiff, is used by the defendant. The only difference between the defendant's binding band and those in use prior to plaintiff is in the color of the seal and in the word impressed thereon denominating the color. The only particulars wherein defendant's band imitates the novelty of plaintiff's registered trade-mark reside in the gold color of the seal and in the word "gold" impressed thereon.

[2] If plaintiff is entitled to relief, his right thereto must arise out of the resemblances in those particulars. The use by the defendant of features used by the plaintiff, but which are common to the trade, and to which the plaintiff has no exclusive right, will not suffice. American

Tobacco Co. v. Globe Tobacco Co. (C. C.) 193 Fed. 1015; Payton v. Snelling, 17 R. P. C. 48, 52, quoted with approval in United States Tobacco Co. v. McGreenery (C. C.) 144 Fed. 531. But does the use by defendant of the gold-colored seal and the words "gold seal" thereon infringe plaintiff's rights? We think not. It is a well-settled general rule of law that a trader may not monopolize a particular color, and that color alone, unaccompanied by any distinguishing sign, seal, or symbol, is not sufficient to constitute a trade-mark. Philadelphia Novelty Mfg. Co v. Rouss (C. C.) 40 Fed. 585; Lalance v National E. & S. Co. (C. C.) 109 Fed. 317; Schlitz Brewing Co. v. Houston Ice & B. Co., 241 Fed. 817, 154 C. C. A. 519; Nims on Unfair Competition and Trade-Marks, § 332. It is likewise true that plaintiff's position is not improved by the fact that the defendant has impressed upon his wax seal the descriptive words "Gold Seal." Smith-Kline & French Co. v. American Drug Syndicate (C. C. A.) 273 Fed. 84.

Plaintiff seems to have recognized these principles and to have acted in conformity therewith in adopting and registering his trade-mark, for the novelty of his mark resides not alone in the color and descriptive words of his seal, to which he could acquire no exclusive right, but as well in the particular design of a star and the word "star" impressed thereon which gave his trade-mark validity. As the defendant has appropriated only those features of plaintiff's mark to which the plaintiff has no exclusive right, defendant's use thereof may not be enjoined.

[3] The plaintiff having established no right to relief with respect to his registered trade-mark, and there being no diversity of citizenship between the parties, there is no jurisdiction in this court, or in the court below, to determine the question of unfair competition. Leschen Rope Co. v. Broderick, 201 U. S. 166, 26 Sup. Ct. 425, 50 L. Ed. 710; Standard Paint Co. v. Trinidad Asph. Co., 220 U. S. 446, 456, 31 Sup. Ct. 456, 55 L. Ed. 536; Stark Bros. Co. v. Stark, 255 U. S. 50, 41 Sup. Ct. 221, 65 L. Ed. 496; Schiebel Toy & Novelty Co. v. Clark (C. C. A. 6) 217 Fed. 760, 774, 133 C. C. A. 490; Unit Const. Co. v. Huskey Mfg. Co. (D. C.) 241 Fed. 129.

The decree of the court below must be affirmed.