## L. E. WATERMAN CO. v. GORDON.
### No. 489.

Circuit Court of Appeals, Second Circuit.

July 16, 1934.

Schechter, Lotsch & Sulzberger, of New York City (John L. Lotsch, of New York City, of counsel), for appellant.

Gifford, Scull & Burgess, of New York City (William F. Wilder and George F. Scull, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from an injunction pendente lite enjoining the defendant from using the word, "Waterman," upon razor blades. The bill and affidavits showed without contradiction the following facts: The plaintiff is, and for fifty years has been, a manufacturer of fountain pens and other similar articles, upon which it has continuously used the name, "Waterman's." On October 21, 1930, it registered the name as a trade-mark for fountain pens, mechanical pencils and similar writing instruments; it has never manufactured razor blades. The defendant is engaged in selling drugs, face powder, perfumes, cosmetics, hair tonics and other similar articles, to which he has recently added razor blades sold under the name "Waterman," which he offers no excuse for pirating. The plaintiff alleged that he was acting in conjunction with one, F. A. Waterman, of Oakland, California, who was selling as one bargain, a fountain pen and a package of razor blades, under the name "Waterman"; but this the defendant denied, and the judge for this reason refused to consider this feature of the charge. The plaintiff is a corporation organized in New York, and the defendant is a citizen of New York; the jurisdiction of the District Court therefore depended upon the registration of the mark.

It is now well settled in this country that a trade-mark protects the owner against not only its use upon the articles to which he has applied it, but upon such other goods as might naturally be supposed to come from him. Aunt Jemima Mills Co. v. Rigney, 247 F. 407, L. R. A. 1918C, 1039 (C. C. A. 2); Akron-Overland Co. v. Willys-Overland Co., 273 F. 674 (C. C. A. 3); Vogue Co. v. Thompson-Hudson Co., 300 F. 509 (C. C. A. 6); Wall v. Rolls-Royce, 4 F.(2d) 333 (C. C. A. 3); Yale Electric Corporation v. Robertson (C. C. A.) 26 F.(2d) 972; Duro Co. v. Duro Co., 27 F.(2d) 339 (C. C. A. 3). There is indeed a limit; the goods on which the supposed infringer puts the mark may be too remote from any that the owner would be likely to make or sell. It would be hard, for example, for the seller of a steam shovel to find ground for complaint in the use of his trade-mark on a lipstick. But no such difficulty arises here; razor blades are sold very generally by others than razor blade makers, and might well be added to the repertory of a pen maker. Certainly when the infringement is so wanton, there is no reason to look nicely at the plaintiff's proofs in this regard. On the merits there can therefore be no question that the judge was right.

In point of jurisdiction we might find difficulty, were it not for the recent decision of the Supreme Court in Hurn v. Oursler, 289 U. S. 238, 53 S. Ct. 586, 77 L. Ed. 1148. Two circuits have held that the District Court has no jurisdiction over a cause based only upon registry of the mark, if the infringer uses it upon goods of another class than that for which it was registered in the Patent Office. Atlas Mfg. Co. v. Street & Smith, 204 F. 398, 402, 47 L. R. A. (N. S.) 1002 (C. C. A. 8); Rosenberg v. Elliott, 7 F.(2d) 962 (C. C. A. 3); Beech-Nut Packing Co. v. Lorillard Co., 7 F.(2d) 967 (C. C. A. 3). It may be that this is no more than to say that if the putative infringement only concerns goods whose provenience cannot possibly be attributed to the owner, there is no cause of suit. Layton Pure Food Co. v. Church & Dwight Co., 182 F. 35, 32 L. R. A. (N. S.) 274 (C. C. A. 8), was apparently such a case. But if it means to go further and say that although the user would infringe the mark at common law, it is an infringement over which the District Court has jurisdiction only in case the infringing goods are in the same Patent Office class as those for which the mark is registered, it seems to us extremely questionable, to say the least. Registry does not create the cause of suit; it merely gives jurisdiction to the District Court, and certain procedural advantages. The theory on which the wrong has been extended to include the use of the mark on goods never made or sold by the owner, is that, though the infringer's

user cannot at the moment take away his customers, it may indirectly do so by tarnishing his reputation, or it may prevent him from extending his trade to the goods on which the infringer is using the mark. That would seem as much a violation of the interest which the mark serves to protect, as though it was used upon the same kind of goods as the owner sells. That interest is that he shall be secure in the meaning of the mark to those who wish to deal with him. It is hard to see why the classes defined in the Patent Office have anything to do with that. But assuming that such is the law, still it appears to us that under Hurn v. Oursler, supra, 289 U. S. 238, 53 S. Ct. 586, 77 L. Ed. 1148, we need not dismiss the suit.

In that case the plaintiff had joined a suit for infringement of the statutory copyright of a play with a suit for unfair use of the play. Later by amendment he added a cause of suit for violating his literary property in the play. The acts constituting the wrong were in all cases the same and on the merits he had no case. The court dismissed the cause of suit on the literary property for lack of jurisdiction, both parties being of the same state, but dismissed the bill on the merits not only on the cause of suit on the statutory copyright but on the common law suit for unfair competition. The result would have been otherwise had the suit on the statutory copyright been too unsubstantial to invoke any initial federal jurisdiction. Since it was not, the suit for unfair use of the play was not a new "cause of action," but a separate "ground" of the statutory "cause of action," which carried it along. We understand that A. Leschen Rope Co. v. Broderick Co., 201 U. S. 166, 26 S. Ct. 425, 50 L. Ed. 710, and Elgin Watch Co. v. Illinois Watch Case Co., 179 U. S. 665, 21 S. Ct. 270, 45 L. Ed. 365, are overruled, at least in their ratio decidendi; and we should suppose that the same must be true also of Stark Bros. Co. v. Stark, 255 U. S. 50, 41 S. Ct. 221, 65 L. Ed. 496. In the case at bar it is only necessary that we should hold that the cause of suit upon the registered trade-mark was substantial enough to support the jurisdiction of the District Court. If it was, Hurn v. Oursler, supra, 289 U. S. 238, 53 S. Ct. 586, 77 L. Ed. 1148, rules. We think that it was substantial enough; indeed, were the matter res nova, we should hold that the classification of Patent Office had nothing to do with a cause of suit for violation of the mark; that it was adopted only for convenience in administration.

Decree affirmed.