### JOHN F. JELKE CO. v. EASTERN BAKING CO.
### No. 33.

District Court, D. Massachusetts.

Sept. 19, 1939.

Frederick A. Tennant and Nathan Heard, both of Boston, Mass., and Wallace R. Lane, George Mankle, and Parkinson & Lane, all of Chicago, Ill., for plaintiff.

George M. Yaghjian, of Boston, Mass., for defendant.

McLELLAN, District Judge.

This is an action for alleged trade mark infringement. The case was heard on the defendant's motion to dismiss. The plaintiff has filed a bill of particulars which becomes a part of the pleading which it supplements. Rules of Civil Procedure, Rule 12(e), 28 U.S.C.A. following section 723c. The parties agreed orally in open court that the motion to dismiss may be considered as addressed to the original complaint and the bill of particulars.

The following is alleged: The plaintiff is an Illinois corporation with its principal place of business in Chicago, Illinois, and the defendant is a Maryland corporation having its principal place of business in Chelsea, Massachusetts. The amount in controversy exceeds three thousand dollars exclusive of interest and costs. On or about November, 1890, the plaintiff being then in the business of making and selling food products, adopted and used in interstate commerce as its trade mark on such products the words "Good Luck". The plaintiff has registered its trade mark "Good Luck", both the words by themselves and in connection with other designs. Its trade mark "Good Luck" has been used by the plaintiff on the following food products: butterin, oleomargarine, evaporated milk, mayonaise, salad dressing, French dressing, thousand island dressing, sandwich spread, cheese spread, peanut butter, chocolate flavored evaporated milk, and shortenings of various kinds. It has sold these goods, with its trade mark "Good Luck" attached, all over the country,

except on the Pacific coast, and has advertised its products nationally.

The infringement charged is that the defendant has used the words "Good Luck" in connection with its manufacture, sale and use throughout New England of icecream cones. The alleged infringement, according to the plaintiff's bill of particulars, first came to the plaintiff's attention early in 1938, and the plaintiff is credibly informed that such use began about one year prior to the filing of this complaint.

At the hearing, the defendant's principal contention was that since it appears that the plaintiff has never sold icecream cones under its trade mark, and since it is not alleged that the defendant used the mark other than on such cones, there can be no infringement as a matter of law.

The defendant's position is untenable. It is now settled that the protection afforded the owner of a trade mark is not confined strictly to the exact goods on which it is used, but may extend to related goods. In L. E. Waterman Co. v. Gordon, 2 Cir., 72 F 2d 272, 273, where the court protected the use of a trade mark used on pens against use on razor blades, Judge Learned Hand said: "It is now well settled in this country that a trade-mark protects the owner against not only its use upon the articles to which he has applied it, but upon such other goods as might naturally be supposed to come from him." In Plough, Inc. v. Intercity Oil Co., D.C., 1939, 26 F.Supp. 978, it is said: "The earlier tendency was to confine the protection of a trade mark to the particular product and in the territory in which it was used, and it has been held that a trade mark user must be content with that special field in which he uses his mark. * * * But the general rule now seems to extend the protection of the Act to all goods of the same class even though the alleged infringement is not upon the same species of articles. This rule is established by cases holding that a trade mark protects the owner not only on an article to which he has applied it but also upon other goods such as might naturally be supposed to come from him. * * *." To the same effect, see Yale Electric Corporation v. Robertson, 2 Cir., 26 F.2d 972; Rosenberg Bros. & Co. v. Elliott, 3 Cir., 7 F.2d 962.

In the light of these cases, it cannot be ruled as a matter of law and without hearing proof that on the complaint and bill of particulars the plaintiff is not entitled to the relief which it seeks.

The motion to dismiss is denied.