**FAMOUS FUNNIES, Inc., v. FAMOUS FUNN FAMILY, Inc., et al.**

District Court, S. D. New York.
March 29, 1941.

W. Hastings Swenarton, of New York City (Harold G. Manning, of Waterbury, Conn., of counsel), for plaintiff.

Solomon M. Cheser, of New York City, for defendants.

BYERS, District Judge.

This is an unfair competition cause in which the plaintiff seeks an injunction, etc., for the alleged infringement of its common law rights because of the defendant's use of the corporate name "Famous Funn Family, Inc."; the individual co-defendant is the sole stockholder of the corporate de-fendant, and caused the latter to be organized. It appears that he exclusively conducts its operations.

The bill of complaint was filed on September 29, 1939.

The evidence establishes:

(1) The plaintiff is a corporation of Connecticut, organized in October, 1935, at which time it succeeded the Eastern Color Printing Company, which published a juvenile monthly booklet or magazine under the registered trade-mark "Famous Funnies".

(2) The plaintiff is the owner of the said registered trade-mark covering comic booklets, and the good-will of the business in which it was so used, under due assignment.

(3) The said booklets have been regularly and continuously published, circulated and sold monthly by the plaintiff since January of 1936.

(4) During the year 1935, the plaintiff adopted, for use in connection with its said booklets, the words "The Famous Funnies Family", which have regularly and plainly appeared on the editorial page of each issue since that time.

(5) The words "The Famous Funnies Family" have come to be identified with the plaintiff's publication and its business as completely as if that had been the corporate name of the plaintiff, or the title of its booklet.

(6) The addressee of a large part of the mail matter delivered to the plaintiff is "Famous Funnies Family"; letters in large volume, so addressed, are shown to have been received and replied to over the words "The Famous Funnies Family", at the plaintiff's business offices in Waterbury, Connecticut, and in New York City.

(7) The plaintiff's said juvenile booklet contains illustrations consisting largely of reproductions of comic strips appearing in the newspapers, and the front covers are similarly decorated; the price to the consumer is 10 cents a copy, and the booklet and its contents are calculated to appeal to children from nine to fourteen years of age; also its back cover contains illustrated advertising matter of toys and similar products.

(8) During the last three months of the years 1937, 1938 and 1939, the monthly circulation of the plaintiff's booklet averaged about 440,000, 330,000 and 314,000, respectively.

(9) The defendant corporation was organized during the year 1939 by the defendant Freud, under the corporate name shown in the title of this action.

(10) The defendant's publication is a catalogue of toys, published once a year in anticipation of the holiday season, and contains nothing but illustrations with descriptive reading matter and prices of toys, dolls, games, etc.; the front cover is illustrated appropriately and contains in prominent lettering the words· "Famous Funn Family Service". The pamphlet bears on the front cover, the imprint of a dealer in the products listed, and the advertising is paid for by the manufacturers of the described products.

(11) There is no similarity in appearance between the publications of the plaintiff and the defendant.

(12) The advertisements in the defendant's publication are arranged progressively, so as to indicate which of the products illustrated are appropriate to children of the ages of from two to ten years, respectively, which presentation was novel, and peculiar to defendant's catalogue.

(13) The first edition of the defendant's publication was issued late in September of 1939, over two months subsequent to written notification of July 21, 1939, on behalf of the plaintiff to the defendant that the former would regard the use of the name "Famous Funn Family, Inc.," as an infringement upon its trade-mark and good-will, and as likely to cause confusion in the trade and financial loss to the plaintiff.

(14) The· selection by defendant Freud of the corporate name of his company and its use of the phrase "Famous Funn Family Service" must be deemed to have been deliberate and with knowledge on his part of the name of the plaintiff's publication and of its adoption and use of the phrase "The Famous Funnies Family". This is so, because he had been interested commercially in the advertising of toys, etc., for fourteen years prior to 1939.

(15) The two publications are competitive only to the extent that they both carry advertising of toys and similar products.

While the foregoing is deemed to have been shown, it is also true that the proof fails to demonstrate any loss of advertising by the plaintiff to the defendant owing to the publication of the latter's catalogue in the fall of 1939 and prior to the filing of the bill of complaint.

## Comment.

The foregoing is thought to comprehend the evidence material to a decision of this case. Much testimony was offered on the part of the defendant to demonstrate that the particular kind of toy catalogue which Freud designed was new as an advertising medium, and that its primary purpose was to direct the attention of adult purchasers to toys and games appropriate for children of varying ages; and that a selection of such products was carefully made in connection with annual exhibitions of toys and by a committee of those best equipped to advise on the subject, having in mind materials used, appropriateness of design and color, ingenuity, and the like; since there was no contention to the contrary, that testimony is accepted.

The invasion of plaintiff's prior right to the phrase "Famous Funnies Family" requires consideration in but two respects:

(a) The obvious copy of the plaintiff's chosen designation, except for the mere omission of the letters "ies" from the word "Funnies".

For the purpose of this decision, it is believed to be a reasonable inference, from the facts which have been shown, that the defendant Freud deliberately and intentionally adopted the words which had become identified with the plaintiff's publication, because he thought that he had something to gain by doing so. His explanation of his conception of a family group at the north pole in connection with the activities of the patron saint of Christmas in making up a collection of toys, and thinking of that as an occasion of family fun; therefore that it was the fun family, and then adding an extra letter "n" for some kind of illusory reason, is far fetched and not persuasive. Toys are not purchased by family groups; the transaction itself is frequently far removed from fun; and the process of selection is seldom arrived at in family conclave.

The plaintiff's marginal illustrations of the several characters depicted within the covers of its booklet were probably what suggested the defendant's choice.

It seems to be plain that the defendant elected to evade the complete legend "Famous Funnies Family" but to come as near as he could, by merely omitting the last three letters of the second word; if this is so, the case should be decided exactly as though the defendant were using the

precise combination of words adopted by the plaintiff.

(b) The second question then would be, whether the parties sufficiently compete in a common field, to entitle the plaintiff to the protection that it seeks.

It is proper to observe that the defendant Freud testified that any name could have been appropriately selected as that of the family group used in exploiting his novel advertising plan, and that he deliberately refrained from using his own for reasons that were deemed to be commercially sound; he urged that the name actually chosen ought not to be surrendered, because in excess of $60,000.00 had been expended during the year 1939 in promulgating, organizing and advertising his enterprise.

Those figures are not disputed, but it is a mistake to argue that they were spent on behalf of the name "Famous Funn Family". The money was spent to exploit the advertising scheme, as such, and not to popularize the name chosen for the corporation. His scheme was novel and, as his advertising was intended for both the trade and the consumer, he was forced to spend money promoting the idea.

Up to the time of filing the bill, the plaintiff failed to demonstrate actual competition between the parties; it may be, that if the plaintiff seeks to expand the advertising in its booklet, its efforts will be impeded to the extent that the defendant has preempted some of that business under a name and style of which the plaintiff was the originator; whether such possible injury to its business and good-will entitles it to the protection here sought, is the only debatable issue which survives a consideration of the testimony.

There are many recent decisions to the effect that actual competition between the products identified by names, initials and the like, need not be shown in order to entitle the first user to injunctive relief: Great Atlantic & Pacific Tea Co. v. A. & P. Radio Stores, Inc., D.C., 20 F Supp. 703; Vogue Co. v. Thompson-Hudson Co., 6 Cir., 300 F. 509; L. E. Waterman Co. v. Gordon, 2 Cir., 72 F.2d 272; Philadelphia Storage Battery Co. v. Mindlin, 163 Misc. 52, 296 N.Y.S. 176.

The latter case contains a helpful review of the authorities, and an exposition of the philosophy which has been reflected in the manifest tendency of the courts to extend a wider hospitality to the originator of an identifying name or symbol, who seeks equitable protection against a poacher, than was formerly deemed compatible with a wise exercise of the injunctive process.

On the theory that since the greater includes the less, if even in the absence of any present or future competition the granting of the relief sought may yet be justified, a fortiori the same result should follow where only a probability or likelihood thereof can be forecast from the evidence.

I cannot believe that the defendant's catalogue will be any the less available to its advertisers, if the words "Famous Funn Family" are removed from it. I can believe that unless this is done, the legitimate development of the plaintiff's booklet as an appropriate advertising medium for toys may be adversely affected, by reason of the obvious resemblance between "The Famous Funnies Family" as used by the plaintiff, and "Famous Funn Family" as displayed by the defendant.

The plaintiff unsuccessfully sought to avoid litigation by timely written notice prior to the publication of the defendant's 1939 booklet, and the defendant chose to ignore that opportunity to select a distinctive and non-infringing designation for the then projected catalogue.

It is therefore concluded that the plaintiff is entitled to an injunction with costs, as prayed, but no accounting for profits is shown to be appropriate.

Settle decree.