**TREASURE IMPORTS, Inc., v. HENRY AMDUR & SONS, Inc., et al.**

**No. 207.**

Circuit Court of Appeals, Second Circuit.

March 9, 1942.

Harry Price, of New York City, for plaintiff-appellant.

Howard F. Mahon, of New York City, for defendant-appellee Rudolph Bros., Inc.

Abraham Moscowitz, of New York City, for defendants-appellees Ralph Josephson

**4**

and Louis Solomon Josephson, doing business under the name of Kobe Import Co.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

C. E. CLARK, Circuit Judge.

This is an appeal from a judgment in a combined trade-mark infringement and unfair competition case. The plaintiff, Treasure Imports, Inc., established both claims to the satisfaction of the district court, which ordered an accounting before a special master. The latter found no unfair competition, however, and found relatively small damages for infringement. Upon review the court cut these damages further, and, reversing its prior finding in part, upheld the master as to unfair competition and alternatively held that there was no jurisdiction over the unfair competition claim. This, too, was a reversal of its prior ruling on a motion to dismiss for want of jurisdiction. The court also assessed the costs of the accounting against the plaintiff. From the judgment embodying these several rulings, plaintiff appeals. The court did uphold the trade-mark and granted injunctions supporting it; no issue is before us as to these features of the judgment.

■ The record is in a somewhat confused state, owing in part to an order of the district court that several of the matters designated by defendants for inclusion in the record should not be so included or transmitted to us. We have had occasion recently to point out that the Federal Rules do not permit the district court to prevent parties from including in the record any part of the occurrences below which they wish thus included. United States v. Forness, 2 Cir., 125 F.2d 928. F.R.C.P. 75(h) gives the district court power only to correct misstatements or actual omissions. That this power is thus restricted was demonstrated by the Chairman of the Advisory Committee at the New York Symposium on the Federal Rules, 1938, when he observed (Proceedings, pp. 325, 326): "You will note that * * * where one party designates a part of what appears in the record, a part of the transcript, and the other party does the same thing, the judge not only does not have to certify it or approve it, but he may not add anything to it, and under this system that we have here he cannot subtract anything from it, the idea being that the parties ought to be the best judges of what

they want, and the district court should not be empowered to omit from the record anything that either side wants. There have been cases—they are very rare, but there have been cases in the federal court— where a federal judge has refused, under his power to settle bills of exceptions, to allow things to go into the record that actually happened, much to the prejudice of the parties." See, also, Westmoreland Asbestos Co. v. Johns-Manville Corp., D.C. S.D.N.Y., 1 F.R.D. 249; In re Sullivan, D. C.S.D.N.Y., 2 F.R.D. 238; Commentary, 5 Federal Rules Service 75h.1, 75h.2.

■ Except where, therefore, a dispute arises over the accuracy of certain portions of the record, all questions of the type here arising must be presented to the appellate court. This, of course, does not settle the question whether or not all matter transmitted to the upper court is to be printed; that is entirely a matter for that court, Federal Rules of Civil Procedure, rule 75 (*l*), 28 U.S.C.A. following section 723c, as is also the matter of penalties for the inclusion of unnecessary material, F.R.C.P. rule 75(e). In this circuit our formal rules for printing allow certain omissions, and we are ready, on preliminary motion, to aid counsel as much as we can in avoiding unnecessary printing expense. But controversies over what we should or should not consider, staged in another court, are at best useless and generally lead to more confusion for us, as is the case here. Why the court below denied defendants' requests we do not know; we do know that the record as it now stands, with confusing and unexplained omissions, adds to our task of deciding this appeal. Since, however, it appears that the court acted on the plaintiff's motion, only the defendants can be prejudiced; and in the view which we take of the case, no material harm can result to them.

We turn, then, to the facts as disclosed by the record. Plaintiff, sometime prior to 1937, introduced "Deep Sea Treasure," a product imported from Japan which consisted of a small can containing an oyster— marked as inedible—which, in turn, contained a cultured pearl. Plaintiff sold these cans to retailers, who merchandised them as novelties at a set price of $2 a can. Late in 1936 and early in 1937, several of the defendants also imported and sold at wholesale cans with substantially the same "Deep Sea Treasure" label, at a price considerably below plaintiff's wholesale price; and de-

fendant Rudolph Bros., Inc., sold several cans at retail for 49 cents each. On February 9, 1937, plaintiff registered "Deep Sea Treasure" as a trade-mark, but neglected for some time to give the proper notice of registration required by 15 U.S.C.A. § 107. One defendant wholesaler made its only sale prior to the registration, one made a sale subsequent to registration, but prior to notice, and the retail sales were both prior to and subsequent to notice.

■ On the question of trade-mark infringement, the district court awarded damages in the form of profits only for the sales made by Rudolph Bros., Inc., after notice. This was correct under the statute. Stark Brothers Nurseries & Orchards Co. v. Stark, 255 U.S. 50, 41 S.Ct. 221, 65 L.Ed. 496.

As to unfair competition, the district court made alternative findings. It held that jurisdiction was lacking under Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1448, and that unfair competition was not proved. I agree with the latter finding, but not with the former. The point is of obvious importance on the question of the finality of the judgment herein.

Mr. Justice Holmes in Stark Brothers Nurseries & Orchards Co. v. Stark, supra, seemingly held that without diversity jurisdiction a federal court could not consider other issues than trade-mark infringement, but went on to say (255 U.S. 50, 41 S.Ct. at page 221, 65 L.Ed. at page 497) that "we will assume in the plaintiff's favor that it could recover for unfair competition that was inseparable from the statutory wrong." In Hurn v. Oursler, supra, however, the Court, in holding that unfair competition was part of the "cause of action" in a copyright infringement case, discussed the Stark case, but did not indicate to what extent the rule of the Stark case was being preserved. Whether the Oursler case continues the force of the Stark case, see Foster D. Snell, Inc., v. Potters, 2 Cir., 88 F.2d 611, or overrules it, see L. E. Waterman Co. v. Gordon, 2 Cir., 72 F.2d 272, 274, is not clear. At any rate, Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195, gave renewed vigor to the Oursler case, at least in the trade-mark situation, and made it abundantly clear that unfair competition could be considered along with trade-mark infringement. The logical and practical desirability of this result is well illustrated here, where the issue of unfair competition was thoroughly tried with the issue as to the trade-mark, and could hardly have been separated so far as presentation of the evidence was concerned. That we should now reject all consideration of what is spread upon the record, and invite renewal of this litigation in a state court, is a lack of judicial economy hardly demanded to sustain our federated form of government. I believe, therefore, that the district court had jurisdiction, and decision should be on the merits.

■ On the merits, the district court held that there was no proof that any of the defendants had palmed off their cans as plaintiff's. We see no reason to disturb this finding. It is possible to read the record to show an attempt to palm off, but it is equally plausible to read the evidence to show unintentional use of the label "Deep Sea Treasure." These cans were imported and it is not at all clear whether or not defendants thought the label was a Japanese label usable by any importer. Certainly defendants ceased using the label almost immediately upon learning that it was a registered trade-mark. Further, much of plaintiff's claim is predicated on a loss of business through inferior merchandise appearing under its label. It seems doubtful that any evidence of inferior merchandise was presented or that the cessation of business represented anything more than the passing of a fad. In view of clear support for the court's finding, we are not inclined to upset it.

■ Plaintiff objects because it was charged with the expenses of the accounting, including the master's fee. We see no reason to change this result. It is clear that plaintiff had more than an inkling of the limited extent of loss and what it might hope to recover. In fact, all defendants appear to have furnished accounts to plaintiff before the reference got under way; and certain of them at least offered settlements, which, though moderate, were many times plaintiff's ultimate recovery herein of $10.89. Under such circumstances the trial court is free to assess costs against the party that unnecessarily requested the accounting. Dowagiac Mfg. Co. v. Minnesota Moline Plow Co., 8 Cir., 183 F. 314, 318—reversed on another point only in 235 U.S. 641, 35 S.Ct. 221, 59 L.Ed. 398—and cases there cited.

I would affirm the case on the merits.

SWAN, Circuit Judge (dissenting in part).

Judge HAND and I agree with the opinion except in so far as it holds that the district court had jurisdiction of the claim of unfair competition by acts committed prior to the date of registration of the plaintiff's trademark. We hold that the district court correctly ruled that it was without jurisdiction of that claim. Stark Bros. Nurseries & Orchards Co. v. Stark, 255 U.S. 50, 41 S.Ct. 221, 65 L.Ed. 496; Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; and Foster D. Snell, Inc., v. Potters, 2 Cir., 88 F.2d 611, 612. The decree is affirmed without modification.