## SCOVILL MFG. CO. v. UNITED STATES ELECTRIC MFG. CORPORATION.

District Court, S. D. New York.
July 29, 1942.

Frederic P. Warfield, of New York City, for plaintiff.

Morris Kirschstein, of New York City, for defendant.

CONGER, District Judge.

These are motions relating to a report of a Master in a suit for trade mark infringement on flashlights.

The interlocutory decree held that the trade mark was valid and infringed, and referred the case to a Master to ascertain profits and damages.

The Master in his report found that the infringement began about January 1, 1937, and continued to June 30, 1937. This period was divided by the Master into two periods, January 1 to March 31, 1937, and April 1 to June 30, 1937, because the ledgers of the defendant were not available for the former period. The Master found the evidence of the defendant as to profits misleading and the books and accounts so kept that he could not fix the cost of production of the infringing flashlights. Accordingly he applied to defendant's sales the profit figure of the plaintiff.

Due to the fact that flashlights were ordered from the defendant by a designation, "Z", and the evidence showed flashlights ordered by that designation in July, the Master carried the accounting through the month of July.

The plaintiff first objects to the profit ratio found by the Master. There appears to have been considerable dispute before the Master as to how the profits of plaintiff should be computed. Even the testimony offered by the plaintiff in this respect was not in harmony. One, Coulter, who appeared to be best acquainted with cost figures, made a distinction between "standard cost" and "figured cost". General selling and administrative costs were not included in "standard cost". On cross-examination a formula was worked out through which the Master determined his profit ratio. I can see no objection to this. Coulter was the plaintiff's witness and certainly such items as bookkeeping and billing, commissions and freight are properly allocated to cost. On this point an extremely difficult proposition was presented to the Master; I think he has decided it properly and justly.

The second objection of plaintiff is to the Master's failure to allow damages for the loss of the business of Western Auto Supply for the years 1938 and 1939. This objection is overruled, inasmuch as I have decided, in passing on one of defendants' objections, that no damages in connection with the Western Auto Supply account should be allowed.

The plaintiff's third objection deals with the failure of the Master to find damages for loss of sales to the Firestone Tire & Rubber Company. The Master found that the Firestone people stopped buying from the plaintiff in December of 1937. There was a conflict in the testimony as to when Firestone began to buy defendant's product. In proving loss of sales in such cases the proof must be clear and the loss definitely traced to the infringement. The proof here was not clear and convincing.

Plaintiff's fourth objection deals with an alleged loss of sales to Gamble Stores. One, Westfall, testified he had been promised an order of 25,000 flashlights and that he was told by the buyer of Gamble Stores later on that they had bought them from the defendant's and so in effect cancelled a prospective order. No actual order appears to have been made. The loss of a prospective order on the facts is insufficient to make out damages.

The fifth objection has to do with the alleged loss of the sale of Ranger flashlights to Firestone Tire & Rubber Company due to the infringement. Since I have found above that no damages should be allowed for the alleged loss of the other business, which was more closely related to the infringement, it goes without saying that there can be no damages for the Ranger business.

Objection number six deals with a typographical error made by the Master in carrying figures from one page to another. The total of profits and damages should read $3,922.37 on the Master's report.

Objection number seven is a cover all as to the ratio of profit and has been more fully covered above.

Objection number eight deals with the Master's failure to treble the profits and damages. The trebling of the profits and damages lies in the discretion of the court and is exercised only where there is a most wanton and willful infringement. I do not feel the facts of this case warrant them.

The defendant has taken a total of twenty-four exceptions to the Master's report.

Defendant's exceptions one through nine deal with the profit ratio used by the

Master. The Master found the evidence of defendant as to profits misleading and the books and accounts so kept that he could not fix the cost of production of the infringing flashlights. Accordingly he applied to defendant's sales the profit figure of the plaintiff. The Master stated that due to discrepancies in the defendant's evidence his confidence was somewhat destroyed. It appeared that during negotiations for a settlement infringing sales were stated by defendant to have been $10,290.-94, whereas in both Exhibits A and H they were shown at $32,045.24. On the record the Master's decision was justified. Trappey v. McIlhenny Co., 5 Cir., 12 F.2d 91. The defendant's proof was most unsatisfactory.

Exceptions ten through seventeen deal with the findings of damages due to loss of business with Western Auto Supply. The Master allowed damages on the basis of loss of sales by the plaintiff to Western Auto Supply. Western Auto Supply ceased to buy from the plaintiff in March of 1937 (while the infringement was taking place), and it appears commenced to purchase flashlights from the defendant soon thereafter.

■ The Master seems to have assumed that the plaintiff would have made the sales the defendant made. If so, he was not correct in so assuming for the rule is that it is incumbent upon the plaintiff to make out his damages as he would in any other case involving a property right.

I have read the record before the Master and the only support for the award of damages seems to be that plaintiff lost the business and defendant got it. There was no showing that anyone had ever been misled by the name of defendant's flashlight, on the contrary, it was admitted that the retailers knew whose flashlights they bought, or that plaintiff would have made the sales defendant made. The following excerpt from the record of the testimony of plaintiff's witness Main is indicative of how weak the proof was:

"By the Special Master: Q. What I want to know is: These are firms, on Table II, that stopped ordering Zephrylites on the dates indicated? A. That is right.

"The Special Master: All right.

"By Mr. Warfield: Q. And you have no information as to why this was done, or at any rate, nothing to tie it up with Zep-O-Lite infringement? A. Nothing that I

think I could present here, no evidence that I think I could—"

The Court realizes the difficulties inherent in attempting to prove damages by way of lost sales. However, in this case, I feel that the plaintiff has failed to sustain the burden, which admittedly he has, of proving damages by competent and sufficient evidence. Anchor Stove & Range Co. v. Rymer et al., 6 Cir., 97 F.2d 689; Dickinson v. O. & W. Thum Co., 8 F.2d 570. Accordingly defendant's exceptions ten through seventeen inclusive are sustained.

■ Defendant's objections numbered eighteen and nineteen deal with notice of the infringement. Defendant urges that the accounting period should begin with the date of the actual notice of infringement given by plaintiff to defendant on April 15, 1937. With this contention I cannot agree. The Master allowed profits from January 1, 1937 to April 6, 1937, during which period he found that defendants had actual notice of infringement. The record both before the Master and on the trial so shows.

The defendant has strongly urged the case of Stark Bros. Nurseries & Orchards Co. v. Stark, 255 U.S. 50, 41 S.Ct. 221, 65 L.Ed. 496, as support for his contention. At first blush that case would appear to so hold, but as explained in Shapiro & Aronson, Inc., v. Franklin Brass Foundry et al., D.C., 272 F. 176, at pages 179, 180, it is apparent that such was not the holding, but that the reason no damages were allowed prior to notice was that there was no diversity of citizenship hence damages were limited to the date notice was given because that was the date the court acquired jurisdiction.

In Oil Well Improvements Co. v. Acme Foundry & Machine Co., 8 Cir., 31 F.2d 898, 900, 901, the court stated: "It is equally true, as impliedly conceded by appellee, that notice may be given otherwise than by the statutory method. The statutory method is merely supplemental—amounting to 'legal' notice, analogous to that of recordation statutes. The essential matter, where the statutory method is not used to supply deficiency, is actual notice to the infringer that the product of the patentee is patented. Here the master and the court concurred in finding the existence of this actual notice. The evidence not only justifies, but it compels such a result. This actual notice existed before appellee began

any manufacture or sale of the infringing device. Therefore it is liable for profits and damages, covering the entire period of the infringement." This case was cited with approval in T. C. Weygandt Co. v. Van Emden, D.C., 40 F.2d 938, 940.

Exception number twenty deals with the computation of damages and, since no damages are allowed, is not now material.

The remaining four exceptions, twenty-one to twenty-four, are general in nature and have been treated under more specific exceptions.

Plaintiff's exceptions to the Master's report numbered 1, 2, 3, 4, 5, 7 are overruled. Number six is allowed. Defendants' exceptions numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 18 and 19 are overruled. Defendant's exceptions numbered 10, 11, 12, 13, 14, 15, 16, 17, 20, 22, 23 and 24 are sustained; 21 is allowed in so far as it refers to damages alone since I have held no damages should be allowed.

The Special Master's report is affirmed except as herein modified. Plaintiff to have judgment for the amounts allowed by the Special Master as modified herein with costs.