### ZALKIND v. SCHEINMAN et al.

District Court, S. D. New York.

Dec. 24, 1942.

Samuel Ostrolenk and Morris Hirsch, both of New York City, for plaintiff.

Joseph Hirschman, of New York City, for defendants.

BONDY, District Judge.

The complaint alleges as a first cause of action the infringement by each of the defendants of several letters patent issued to the plaintiff.

As a second cause of action it repeats every allegation made in the first cause of action and alleges further that the defendants caused to be filed applications for letters patent for the subject matter of plaintiff's inventions, that they created invalid and improper interferences in the Patent Office and contested the validity and infringement of the patents with the fraudulent intent of obtaining the benefits of plaintiff's inventions for themselves, and of obstructing and delaying the issuance of the patents to the plaintiff and demands $110,-000 or such sum as the court may after an accounting determine to be due.

There is not any allegation as to diversity of the citizenship in the complaint. In plaintiff's and defendants' briefs it is stated that all parties are citizens of the State of New York, and that the second cause of action is based on fraud in filing the patent applications and obstructing and delaying the issuance of the patents to the plaintiff. The court accordingly assumes that the second cause of action is not for infringement of a patent. It sets forth wrongful acts, all of which were performed before the issuance of the patents. The first and second causes of action are entirely separate and distinct. Proof of facts establishing validity and infringement is entirely separate and distinct from that required to establish the wrongful acts alleged in the second cause of action. Proof of the latter would not establish that plaintiff's patent is valid or infringed. The complaint improperly joins to a federal action for infringement an action for fraud as to which diversity of citizenship is lacking and which accordingly must be dismissed. See Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Hydraulic Press Mfg.

754

Co. v. Columbus Malleable Iron Co., D.C., 35 F.Supp. 603; Ingenuities Corporation of America v. Metcalf Neckwear Co. et al., D.C., 35 F.Supp. 575; Treasure Imports, Inc., v. Henry Amdur & Sons, Inc., et al., 2 Cir., 127 F.2d 3; Musher Foundation, Inc., v. Alba Trading Co., Inc., 2 Cir., 127 F.2d 9; Armstrong Paint & Varnish Works v. Nu-Enamel Corporation et al., 305 U.S. 315, 325, 59 S.Ct. 191, 83 L.Ed. 195; Engler v. General Electric Company, D.C., 29 F. Supp. 421; White v. Reach, D.C., 26 F. Supp. 77; Foster D. Snell, Inc., v. Potters, 2 Cir., 88 F.2d 611; Stark Bros. Nurseries & Orchards Company v. Stark, 255 U.S. 50, 41 S.Ct. 221, 65 L.Ed. 496.

Though the first cause of action alleges that the individual defendants caused to be organized the corporate defendants which participated with individual defendants in the fraudulent acts alleged, nowhere in the complaint is it stated that the individual defendants are officers, directors or agents of the corporate defendants.

The many authorities relied upon by the defendants which hold that a corporate officer can not be held personally responsible as an infringer, unless it is alleged or shown he is acting beyond the scope of his authority, accordingly do not apply.

The motion to dismiss the first cause of action as to the individual defendants accordingly is denied and the motion to dismiss the second cause of action is granted with the usual leave to amend.