**DUNNELL v. SAFEWAY STORES,**
Inc., et al.
No. 26230.

District Court, N. D. California, S. D.
May 19, 1947.

Joseph F. Westall, Edward F. Westall, and Westall & Westall, all of Los Angeles, Cal., and Charles M. Fryer, of San Francisco, Cal., for plaintiff.

Mitchell T. Neff, Willard S. Johnston and Orrick, Wahlquist, Neff, Brown & Herrington, all of San Francisco, Cal., for defendant and counterclaimant.

GOODMAN, District Judge.

This is a bill in equity under 35 U.S.C.A. § 63 for a declaration by the court that plaintiff is entitled to the registration of the trade-mark "Safeway" pursuant to his application therefor filed in the Patent Office, Serial No. 453,099. The Commissioner of Patents sustained the opposition of the defendant to the granting of plaintiff's application and refused the registration.

Plaintiff, not having appealed from the Commissioner's decision to the Court of Customs and Patent appeals, filed this action within the time and as provided in 35 U.S.C.A. § 63.

Plaintiff manufactures sanitary papers covers for toilet seats and distributes them in containers to public lavatories. The containers are boxes which may be affixed to walls or otherwise installed in close proximity to toilets and from which the seat covers may be conveniently withdrawn. On the containers are the words "Safe" and "Way" with the drawing of a toilet seat between the two words. It is the words "Safe Way," as thus used, for which plaintiff sought trade-mark registration.

Defendant corporation is owner and operator of a national chain of approximately 2300 retail grocery stores in twenty-four of the states of the United States. The evidence without dispute shows that the general public identifies these stores under the name "Safeway." Much effort and money have been expended to establish the good will of defendant's stores under the name "Safeway."

The Commissioner sustained the opposition to plaintiff's application for registration mainly on the ground the Safeway stores sell such "paper products as toilet tissue and paper towels, which are clearly of the same descriptive properties as applicant's paper toilet seat covers" and therefore the mark used by plaintiff "constitutes a substantial appropriation of opposer's corporate name."

There is no question in this case, and I so find, that the mark used by plaintiff is upon an article not in competition with the merchandise offered for sale by defendant. It is unnecessary to cite the long list of authorities sustaining the doctrine that even as to noncompeting goods, courts of equity will prevent "unfair" appropriation of another's good will name.*

But this doctrine has certain limits. If the relationship of the products is so remote as to foreclose the possibility that they come from the same source, equity will not enforce the so-called "doctrine of noncompeting goods." Waterman & Co. v. Gordon, 2 Cir., 72 F.2d 272; Bulova Watch Co. v. Stolzberg, D.C., 69 F.Supp. 543, 547. In the latter case, Judge Sweeney cites as an example of too remote a relationship of commodities, *steam shovels* and *lipsticks*.

Here, plaintiff's toilet seat covers are not sold to the public generally. In fact they are not sold at all. Instead a sanitary *service* is furnished public lavatories. The public using these lavatories pays nothing for the seat cover. The mark of plaintiff, the evidence shows, refers to a *method of use* and is not a name descriptive of the article itself.

From the evidence it is clear to me that there is not the slightest relationship between the merchandise of the defendant and the kind of sanitary service provided by plaintiff. Not by the wildest stretch of imagination could a person using plaintiff's seat covers in a public lavatory, be confused at all into believing that by such use he was purchasing defendant's merchandise.

If the relationship between steam shovels and lipsticks be considered too remote, a fortiori, the relationship between the groceries of defendant's retail stores is indeed remote from a sanitary service supplied to lavatories. There is no "unfairness" in plaintiff's conduct here which warrants the application of the "noncompetitive goods" doctrine.

Upon findings to be presented, a decree will enter in favor of plaintiff and against defendant upon its counterclaim.

---

* Aunt Jemina Mill Co. v. Rigney, 2 Cir., 247 F. 407; Eastman Photographic Materials Co. v. John Griffiths Cycle Co., 15 R.P.C. 105; Wall v. Rolls Royce of Amer., 3 Cir., 4 F.2d 333; Yale Elect. Corp. v. Robertson, 2 Cir., 26 F. 2d 972.