**SAM S. GOLDSTEIN INDUSTRIES, INC., Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

**No. 66 Civ. 3867.**

United States District Court
S. D. New York.

Feb. 9, 1967.

404

Bader & Bader, New York City, for plaintiff.

Rogers, Hoge & Hills, New York City, George M. Chapman, William H. Ball, Jr., New York City, of counsel, for defendant.

MANSFIELD, District Judge.

Defendant here seeks dismissal of a complaint which asks (1) a determination of plaintiff's right to use a trademark, and (2) damages for alleged antitrust violations. The first cause of action seeks a declaratory judgment that plain-

tiff's use of the mark "Americana Star" in connection with its sale of items such as deep fat cookers, electric knives, vacuum cleaners, coffee makers, toaster broilers, electric hot trays, hair dryers and other goods of the same descriptive properties (hereinafter "electrical products") is proper and that the defendant's use of a similar mark ("Americana", sometimes with a star-shaped dot over the letter "i") on major appliances (refrigerators, stoves) is improper.

The second cause of action, purporting to be based on § 2 of the Sherman Act (Title 15 U.S.C. § 2) and § 2 of the Robinson-Patman Act (15 U.S.C. § 13), alleges that defendant is wrongfully attempting to create a monopoly in the appliance business by asserting claims based on a non-existent trademark in an attempt to promote a monopoly in the word "Americana"; and that the defendant has "been selling goods under the trademark 'Americana' at differing prices to differing customers".

The motion to dismiss is granted insofar as it relates to the antitrust claims, and is denied as to the declaratory judgment count, which defendant challenges on the ground that the Court lacks jurisdiction.

Turning to the first cause of action, it appears that the mark "Americana Star" was registered by the plaintiffs with the United States Patent Office on November 19, 1963 (Reg. No. 760194) for use on plastic dinnerware. In addition to using the mark on plastic dinnerware, plaintiff used it in connection with its electrical products. Defendant claims common law trademark rights in a similar mark used by it on its electric ranges and refrigerators. Whether plaintiff's use of the mark preceded defendant's use of its similar mark on ranges and refrigerators is in dispute.

On January 30, 1963, plaintiff filed with the Patent Office an application to register the mark "Americana (eagle and

shield device) Star" for use on many of the electrical products previously listed. Defendant opposed on the ground that it produced similar products which, although not identified by such a mark, could be confused with plaintiff's electrical products on account of defendant's use of such a mark on refrigerators and ranges. On April 29, 1966, defendant's opposition was sustained by the Trademark Trial and Appeal Board. Plaintiff nevertheless continued thereafter to use the mark on its electrical products and, in response to a protest from the defendant, instituted this suit for a judgment declaring the rights of the respective parties to use the mark.

Defendant's motion to dismiss the declaratory judgment action is premised on plaintiff's concession that there is no diversity of citizenship and on the ground that the action does not involve a registered mark—a prerequisite for jurisdiction under 15 U.S.C. § 1119.[1] That statute provides:

"In any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. * * *"

An examination of the complaint reveals that plaintiff indeed seems to assert common law rights in the mark in that it alleges it used the mark on its electrical products prior to defendant's use of the mark on ranges and refrigerators. Although the complaint alleges generally (Par. EIGHTH) that plaintiff has trademark registrations with the Patent Office, it does not identify them, and its brief reveals that its only registration pertains to plastic dinnerware, not electrical products. Without referring to the limited scope of plaintiff's registration, the complaint alleges that plaintiff has expanded its

1. The Court, of course, does not acquire jurisdiction merely by reason of the fact plaintiff has brought suit under the Declaratory Judgments Statute. Elka Toy & Novelty Mfg. Corp. v. Fisher-Price Toys, Inc., 136 F.Supp. 524 (S.D.N.Y. 1955).

use of the trademark to include electrical products. It thus appears to invoke the established doctrine that a registered mark protects not only the registrant's use of the mark on goods for which the mark was registered, but also its use on goods within the natural area of expansion of the registrant's business. See Vanderburgh, Trademark Law and Procedure § 2.50 (1959). When the owner of a registered mark claims that a defendant is interfering with the owner's natural expansion of the use of the mark, the court will assume jurisdiction over the claim as one stemming from the registered mark under Title 15 U.S.C. § 1119, provided the claim is not completely insubstantial on its face. See L. E. Waterman Co. v. Gordon, 72 F.2d 272 (2d Cir. 1934). Once the court assumes jurisdiction, it carries along with it, under the doctrine of pendent jurisdiction, separate common law trademark claims based on the same alleged conduct. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).[2]

Applying these principles here it must be conceded that in the light of the affidavits and briefs the expansion claim appears to be tenuous at best, for several reasons. First of all the gap between plastic dinnerware and electrical products appears to be a very large one indeed, and it seems unlikely that purchasers would assume that a manufacturer or distributor of one is also engaged in the other line. Plaintiff's expansion theory is further weakened by the Patent Office's refusal to allow it to register the mark for use on the electrical products sold by it, a fact which, at least, would weigh heavily against the plaintiff on the issue of expansion of the mark from plastic dinnerware to electrical products, since it seems unlikely that the plaintiff could thereafter succeed in its claim of a right, based on its expansion theory, to use the mark on electrical products.

▇▇▇ Since the foregoing observations go principally to the merits of plaintiff's contention, however, it cannot be said as a matter of law that on its face the complaint states a claim that is too insubstantial to permit plaintiff to invoke the Court's jurisdiction. Construing the complaint most favorably to the plaintiff (as we must do on this motion), the Court must conclude that the allegation of expansion of plaintiff's registered trademark is sufficient to confer jurisdiction and the Court must deny the motion to dismiss the first cause of action.

▇▇ Turning to plaintiff's antitrust claims, paragraph 25 of the complaint, alleges:

"The defendant, by asserting nonexistent trademark claims is attempting to promote a monopoly in the word 'Americana' so that it would be impossible to specify American-made merchandise without purchasing such merchandise from the defendant, thereby constituting an attempt by the defendant to create a monopoly in the appliance business in violation of 15 U.S.C. § 2."

The foregoing claim is patently frivolous, resting as it does on the premise that defendant seeks to render it impossible for any other company to represent that its products are American in origin. There are many ways of conveying that plaintiff's products are American manufactured (such as a phrase "American-

2. The Court has considered Stark Bros. Nurseries & Orchards Co. v. Stark, 255 U.S. 50, 41 S.Ct. 221, 65 L.Ed. 496 (1921), wherein it was held that a claim for common law infringement of a trademark prior to notice of the mark's registration could not be supported, insofar as jurisdiction was concerned, by a suit for infringement of the registered mark. In *Stark*, however, the two claims were completely independent in that they sought totally different relief for wrongs done in totally different periods of time. In this case, plaintiff claims only a single right—the right to use the mark on its electrical products. The fact it alleges a federal and a non-federal ground in support of this right does not deprive this Court of jurisdiction to decide the non-federal as well as the federal ground. Hurn v. Oursler, supra.

made" or "Made in USA") that would not conflict with defendant's use of the mark "Americana".

Plaintiff next alleges:

"TWENTY-SIXTH: In addition, the defendant has, on information and belief, been selling goods under the trademark 'Americana' at differing prices to differing customers in violation of 15 U.S.C. § 13.

"TWENTY-SEVENTH: The effect of such sales at differing prices has been to substantially lessen competition or to attempt to obtain a monopoly in the appliance business."

On the theory that a defendant can, through pretrial discovery, learn the facts forming the basis of a claim asserted against him, the federal courts have been liberal in allowing so-called "notice" pleading under the Federal Rules. Even measured by such standards, however, the allegations here are woefully inadequate. In response to defendant's assertion that the foregoing allegations are hopelessly vague, plaintiff cites the holding of Nagler v. Admiral Corp., 248 F.2d 319 (2d Cir. 1957), that an antitrust complaint need set forth only a "short and plain statement" of the claim. In Klebanow v. New York Produce Exchange, 344 F.2d 294 (2d Cir. 1965), however, the Second Circuit stated:

"While Nagler v. Admiral Corp. * * * repudiated the idea that 'some special pleading * * * is required in antitrust cases,' it is no authority that in such cases the pleader is specially privileged to plead nothing but the statutory words. A mere allegation that defendants violated the antitrust laws as to a particular plaintiff and commodity no more complies with Rule 8 than an allegation which says only that a defendant made an undescribed contract with the plaintiff and breached it, or that a defendant owns a car and injured plaintiff by driving it negligently."

Plaintiff's allegation of price discrimination does no more than parrot some of the language of 15 U.S.C. § 13. Plaintiff has in no way alleged in what manner it has been harmed by defendant's alleged transgression, and, upon the argument, plaintiff's counsel conceded facts indicating that it could not in fairness make any such allegation. Its allegations of price discrimination are limited to products on which defendant uses the mark "Americana", namely, electric ranges and refrigerators. But it is conceded that plaintiff has not bought, or attempted to buy, these products from defendant, and that it has neither competed nor sought to compete with the defendant in the sale of them. The failure to specify in the complaint the impact of defendant's wrongs on plaintiff renders an antitrust allegation insufficient. See Beegle v. Thomson, 138 F.2d 875 (7th Cir.), cert. denied, Beegle v. Thompson, 322 U.S. 743, 64 S.Ct. 1143, 88 L.Ed. 1576 (1943); H & A Selmer, Inc. v. Musical Instr. Exch., 21 F.R.D. 224 (S.D.N.Y.1957); Dublin Distributors, Inc. v. Edward & John Burke, Ltd., 109 F.Supp. 125 (S.D.N.Y.1952). Absent a showing that plaintiff is a customer or prospective customer of the defendant, or a seller of defendant's products, a "secondary line" price discrimination case could not be alleged; and the mere allegation of price discrimination in defendant's sale of other products, not sold in competition with plaintiff, would not state a "primary line" price discrimination case in the absence of allegations to the effect that the effect of such price discrimination is to injure or restrain plaintiff's competition in sale of its products, with resulting damage to it. Bolick-Gillman Co. v. Continental Baking Co., 206 F.Supp. 151 (D.Nev.1961).

Accordingly, defendant's motion as to the antitrust portions of the complaint is granted without prejudice, and the motion is, in all other respects, denied.

So ordered.