## STEINTHAL v. ARLINGTON SAMPLE BOOK CO.

No. 6464.

Circuit Court of Appeals, Third Circuit.

Feb. 4, 1938.

Harry Langsam, of Philadelphia, Pa. (Russel W. Leary, of New York City, of counsel), for appellant.

John F. Thaete and Walter T. Fahy, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania holding Steinthal patent No. 1,941,634 valid and infringed, but denying to plaintiff-appellant damages or profits. Sometime in July, 1933, while the appellant's application for a patent was pending, his licensee manufactured a considerable number of loose-leaf books in accordance with the invention. These books contained no notice that they were manufactured in accordance with a pending patent. On January 2, 1934, the Steinthal patent issued and on and after that date all loose-leaf books' manufactured by the licensee under the patent were marked "Patent No. 1,941,634." In 1935 the appellee manufactured loose-leaf books and admittedly used as a model the books manufactured by the licensee prior to the patent. Suit was instituted on April 1, 1936, and upon the same day the appellee discontinued manufacturing the infringing device. The District Court refused to allow an accounting. The sole question is in respect to the construction of 35 U.S.C.A. § 49, which provides: "It shall be the duty of all patentees and their assigns and legal representatives, and of all persons making or vending any patented article for or under them, to give sufficient notice to the public that the same is patented; either by fixing thereon the word 'patent,' together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is inclosed, a label containing the like notice: Provided, however, That with respect to any patent issued prior to April 1, 1927, it shall be sufficient to give such notice in the form following, viz.: 'Patented,' together with the day and year the patent was granted; and in any suit for infringement by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement and continued, after such notice, to make, use, or vend the article so patented." It is admitted that the loose-leaf book which the appellee copied contained no notice of the patent and that the appellee was not given actual notice of the pending patent.

The so-called "marking statute" requires more than registration in the Patent Office. Until such time as the manufactured article is marked "patented" there is no actual notice to the public that the article is protected by the patent laws.

The decree of the District Court is affirmed.