TREASURE IMPORTS, Inc., v. HENRY AMDUR & SONS, Inc., et al.

District Court, S. D. New York.

May 7, 1941.

Harry Price, of New York City, for plaintiff.

Abraham Moscowitz, of New York City, for defendants Henry Amdur & Sons, Inc. and others.

Howard F. Mahon, of New York City, for defendant Rudolph Bros., Inc.

COXE, District Judge.

These are motions relating to a report of a master in a suit for trade-mark infringement and unfair competition.

The suit was commenced on June 22, 1937, and charged infringement of the plaintiff's trade-mark "Deep Sea Treasure", which was registered in the Patent Office on February 9, 1937. All of the parties are citizens of the State of New York, and the sole ground of jurisdiction is the federal registration.

The interlocutory decree held that the trade-mark was valid and infringed, directed the issuance of an injunction, and referred the case to a master to ascertain any profits or damages.

The master in his report found that the plaintiff's trademarked merchandise did not bear the statutory marking required by Section 107 of 15 U.S.C.A. He also found that none of the defendants palmed off any goods as those of the plaintiff. He held that the plaintiff was entitled to separate recoveries for relatively small amounts against three of the defendants, that there should be no recovery against another defendant, and that no damages should be assessed against any of the defendants for unfair competition.

The principal questions raised by the objections are (1) whether the plaintiff may recover profits resulting from infringing sales made prior to notice of infringement, and (2) whether the plaintiff may recover damages for unfair competition.

1. The master assessed against the defendant Henry Amdur & Sons, Inc. the sum of $324.02, representing the realized profits on infringing sales made in April, 1937. No notice of infringement was given until June 22, 1937, when the present suit was commenced. On this showing, I do not think there can be any recovery of profits against this defendant. Section 107 of 15 U.S.C.A. provides that if the statutory notice has not been given "no damages shall be recovered, except on proof that the defendant was duly notified of infringement, and continued the same after such notice". The master thought that the word "damages" in this section did not include profits. The point appears, however, to have been decided otherwise in Stark Bros. Nurseries & Orchards Co. v. Stark, 255 U.S. 50, 41 S.Ct. 221, 65 L.Ed. 496. The same interpretation of the word has been consistently applied to the almost identical language of the patent marking section. 35 U.S.C.A. § 49. Franklin Brass Foundry Co. v. Shapiro & Aronson, 3 Cir., 278 F. 435; Steinthal v. Arlington Sample Book Co., D.C., 18 F.Supp. 643, affirmed 3 Cir., 94 F.2d 748, certiorari denied 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 390; Son v. Pressed Steel Car Co., D.C., 21 F.2d 528; Gibson v. American Graphophone Co., 2 Cir., 234 F. 633.

2. The master assessed $27.57 against the defendant Rudolph Bros., Inc. His finding was that profits of $23.34 had been realized on infringing sales made partly in the Syracuse store from April 1, 1937, to May 12, 1937, and partly in the Rochester store in February, 1937. He also found that the plaintiff had sustained damages of $4.23 as a result of infringing sales after notice of infringement. The notice of infringement was not given until April 13, 1937. For the reasons already given with respect to the claim against the defendant Henry Amdur & Sons, Inc. there can be no recovery against this defendant for profits on infringing sales made prior to April 13, 1937, when the notice of infringement was given. There were only 18 infringing sales after notice of infringement, and I shall, therefore, reduce the recovery of the plaintiff to profits of $6.66, and damages of $4.23, or a total of $10.89.

3. The master assessed $1,183.35 profits against the defendants Louis S. Josephson and Ralph Josephson doing business as Kobe Import Co. He held that these defendants realized profits of that amount on sales of merchandise bearing the offending label in October, 1936, and January, 1937. These sales were made prior to the registration of the trade-mark on Feb. 9, 1937, and clearly the profits derived from them cannot be recovered as damages for infringement of the registered trade-mark. I do not think, either, that these profits can be used as a basis for a recovery of damages for unfair competition. In the first place, there is no jurisdiction over such a claim under the doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. The test of that case is whether there is one cause of action with different grounds of relief, or wholly independent causes of action. The present case does not respond to this test, for entirely different facts are required to sup-

port the claim for unfair competition as are needed to sustain the claim for infringement of the registered trade-mark. Foster D. Snell, Inc., v. Potters, 2 Cir., 88 F.2d 611; Warner Publication v. Popular Publications, 2 Cir., 87 F.2d 913. In the second place, the finding that there was no palming off of the goods of the defendants as those of the plaintiff is an insuperable obstacle to the recovery of such damages. I do not think, therefore, that the recovery against these defendants can be sustained.

4. I agree with the master in his disallowance of the claim for general damages for loss of business. The claim is based essentially on the proposition that the defendants palmed off their goods as those of the plaintiff. Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U.S. 118, 140, 25 S.Ct. 609, 49 L.Ed. 972; Lewis v. Vendome Bags, 2 Cir., 108 F.2d 16; Vogue Co. v. Thompson-Hudson Co., 6 Cir., 300 F. 509. The master found that no such palming off occurred. I think the evidence supports this finding. This is particularly true with respect to the period subsequent to the registration, which is the only period over which the court has jurisdiction. I agree also with the master that the evidence regarding the damages is insufficient.

5. The objections of the defendants are sustained to the extent indicated; the objections of the plaintiff are overruled; and the report is modified accordingly. This disposition may also require some changes in the findings made by the court, and these will be deemed modified in order to conform to this opinion.

The expense of the reference should be borne entirely by the plaintiff, including the compensation of the master, which is fixed at $1,000.