# BLANCHARD v. SMITH, et al.

No. 7869.   Decided April 9, 1953.   (255 P. 2d 729.)

See 11 C. J. S., Boundaries, sec. 82. Oral agreement, establishment of boundary line by, 8 Am Jur., Boundaries, sec. 73; 113 A. L. R.

*Leon Fonnesbeck,* Logan, for appellant.

*George C. Heinrich,* Logan, for respondents.

HENRIOD, Justice.

Appeal from a decree settling a boundary between the litigant neighbors. Affirmed, the parties to bear their own costs on appeal.

Plaintiff purchased by metes and bounds the southermost of 3 lots owned by one Tiller. Not knowing the true boundary, plaintiff inquired of Tiller's daughter. She employed a surveyor, who established the line, which 45 years later proved to be erroneous by about 1 rod. On the strength of the survey, plaintiff built a fence, so the court found, on the surveyor's line, and the fence has remained in place since, the property north thereof and the property south thereof having been occupied by defendants and their predecessors and by plaintiff respectively, acquiesced therein for nigh onto a half century. A recent survey for special improvements revealed the error, shorting plaintiff 1 rod, about which there is no question. Plaintiff sues to quiet

title to the disputed strip on the north, on the theory the fence was placed through mutual mistake. Strangely enough, plaintiff all these years has occupied a strip to the south of his described property of almost identical area, believing it to be his. Actually it belonged to Logan City, from whom plaintiff recently obtained a quitclaim deed for a nominal sum. Over the years plaintiff has paid taxes and special assessments on the disputed strip to the north, but has not had to pay any such charges on the strip to the south. The record clearly shows that for many years plaintiff knew the fence on the north was not on the true boundary line, he having testified he knew it was off the true line at least 2½ feet. Yet he acquiesced in the continued existence of the fence.

We repeatedly have held that neighbors, by oral agreement may establish a common boundary[1] which, after sufficiently long acquiescence, cannot be disestablished.[2] Our conclusions have been predicated on a principle of repose designed to set at rest boundaries commonly the subject of strife.[3] But plaintiff here urges that there is a limit to the rule, which prevents such establishment, where such agreement is arrived at under mutual mistake.[4] Difficulty here is that plaintiff admits he was not mistaken, since he knew the fence was off center by at least 2½ feet, and the fact it was actually off center about 1 rod makes the matter of his knowledge of inaccur-

---

[1]*Rydalch* v. *Anderson*, 37 Utah 99, 107 P. 25; *Tripp* v. *Bagley*, 74 Utah 57, 276 P. 912, 914, 69 A. L. R. 1417.

[2]*Brown* v. *Milliner*, 120 Utah 16, 232 P. 2d 202; *Ekberg* v. *Bates*, 121 Utah 123, 239 P. 2d 205.

[3]*Holmes* v. *Judge*, 31 Utah 269, 87 P. 1009.

[4]*Brown* v. *Milliner*, supra; 8 Am. Jur., Boundaries § 77, p. 801: "If, however, the parties undertake by a parol agreement to fix the location of a boundary line under the belief that they are fixing the true boundary line, when, in fact, it is not, their agreement is not binding and may be set aside by either party upon the discovery of the mistake [citations], unless there is some element of estoppel which would prevent them from doing so, [citations], as where the rights of innocent third parties have intervened."

acy of boundary only one of degree. Since plaintiff truly was not mistaken about the accuracy of the boundary for many years, his acquiescence brings him within the rule of repose we have mentioned, and the trial court did not err in establishing the boundary for the parties at the fence line instead of that called for by the metes and bounds description.

Plaintiff urges that if the fence be determined as the established boundary, he should be reimbursed for taxes and special assessments he has paid on the disputed strip. On simple principles of equity and good conscience, the writer agrees with plaintiff, suggesting that he has authoritative support for his contention,[5] but the majority of the court differing, it is concluded that under the facts of this particular case, and without enunciating any general principle, such reimbursement is precluded here.

Plaintiff further complains that defendants' counsel designated more of the record than was necessary under Rule 75(e), thus unnecessarily burdening the record with expense. The designation, which was made late because of excusable neglect, was sanctioned and authorized by the trial court, and the record, being comparatively brief, constrains us to conclude that counsel for defendants did not exercise that degree of unreasonable and arbitrary discretion that would justify our intervention under the Rule.[6]

WOLFE, C. J., and McDONOUGH, J., concur.

CROCKETT and WADE, J.J., concur in the result.

---

[5]Restatement of Restitution, Sec. 43(1), 1937, 86 A. L. R. 1211.
[6]*Treasure Imports, Inc.* v. *Henry Amdur & Sons*, 2 Cir., 1941, 127 F. 2d 3, *Id.*, D. C., 40 F. Supp. 880.