286 P.2d 804

Karl JENSEN and Georgina K. Jensen,
Respondents,

v.

Earl H. BARTLETT and Sarah E. Bartlett,
his wife, and Hyrum Russell Eggett and
Mary Margaret Eggett, his wife, Appel-
lants.

No. 8308.

Supreme Court of Utah.

Aug. 12, 1955.

Evans, Neslen & Elggren, Salt Lake City, for appellant.

George K. Fadel, Bountiful, for respondent.

WADE, Justice.

Defendants Earl H. Bartlett and wife, and Hyrum Russell Eggett and his wife, appeal from a judgment of the District Court quieting plaintiffs Karl Jensen and wife's title to a strip of land about 74 feet wide and 12 rods long. Plaintiffs claim this property through a boundary line by acquiescence in an old fence line as the boundary line between their properties by the

owners of both tracts for a long period of time. Judgment affirmed.

The property is located in Bountiful, Davis County, Utah, north of 15th, south and east of 2nd West Streets. According to the record title of both tracts the disputed boundary line runs north about 12 rods from a point 35.5 rods east of the southwest corner of Lot 2, Block "L" North Mill Creek Survey. The defendants claim from a survey which they had made which located the boundary line about 89 feet west of the fence line.

The court found that from some time prior to April, 1916, until about July 21, 1950, the plaintiffs and their predecessors occupied all the land west of the fence, which had been previously erected, and that during all of such period had planted crops and cultivated and farmed such land up to the fence, and that the defendants and their predecessors during such period had occupied the land east of and up to the fence and planted crops and cultivated and farmed such land up to the fence and located buildings up to such fence immediately east thereof, and had never claimed any land west of the fence prior to July 21, 1950, on which date the defendants Bartlett purchased from plaintiffs a strip of land 15 feet wide immediately west of such fence and that thereafter in the year 1952, they claimed for the first time additional land west of the fence. The court further found that the southwest corner of Lot 2, Block "L" North Mill Creek Survey is not marked by any official survey monument, and if it ever was so marked, the location thereof cannot be fixed according to any original or official survey; that there is no original or official plat or survey available from which said corner can be located, and that the fence line is the agreed boundary line between the two tracts.

There is no serious dispute between the parties as to any of the foregoing findings except that there is no evidence of an express agreement that the fence marked the boundary line. Defendants do not claim that the evidence does not support the other findings. What they do claim is that they are entitled to a judgment under those facts as a matter of law. They cite the cases of Hummel v. Young, 1 Utah 2d 237, 265 P.2d 410; and Ringwood v. Bradford, 2 Utah 2d 119, 269 P.2d 1053, as showing a refusal of this court "to recognize as the boundary the fence line which was not constructed as a boundary line between adjacent properties and was not intended to mark the line."

In each of those cases the evidence definitely indicated that the fence was not erected to mark the boundary line, that there was no express agreement to that effect, and that there was no acquiescence in such fence line as the boundary line. Here the trial court found that parties acquiesced in such fence as marking the boundary line by treating it as such from 1916 to 1952, a period of some 36 years, and that the fence is the agreed line between the two tracts. The defendants concede that the findings

are supported by the evidence except that they contend that there was no express agreement. However, there is no evidence here as to when, or by whom, or the circumstances under which the fence was erected, nor what the purpose was in erecting it. Those facts and circumstances might have a strong tendency to prove whether there was acquiescence in the fence as marking the boundary line, and in the cases cited we relied on the fact that the fence was not built to mark the boundary line in determining whether there was acquiescence in the fence as the boundary line. There were also other factors considered in those cases to support the holding that there was no acquiescence.

■■ It is well recognized by this court that where the parties have acquiesced in a fence as marking the boundary line for a long period of time, it is immaterial whether there was an express agreement to that effect or not. Under such proof the court will indulge a fiction, or hold that there is a presumption that such an agreement existed.[1] So, it is immaterial whether such finding is supported by the evidence for the judgment is supported by the evidence regardless of whether there was an agreement that this fence line should mark the boundary.

■ It is further contended that this judgment must be reversed because there is no evidence of a dispute or uncertainty as to the true boundary line when the fence was erected and acquiesced in as such. We have held that where the owners of adjoining tracts of land know where the true boundary line is, and with such knowledge agree that it shall be at another place, and in accordance with such agreement erect a fence on the agreed boundary line and there after acquiesce in such fence as marking the boundary line for a long period of time, no boundary line by acquiescence is thus established because without a dispute or uncertainty as to the location of the true boundary line, the establishment of such a boundary line would have the effect of transferring real property by parol agreement contrary to our statute.[2] Here the court found that there is no official or original plat or survey by which the boundary line can be located, and the evidence shows that the different surveyors do not agree on the location of the boundary line. This clearly creates sufficient uncertainty on

1. See Holmes v. Judge, 31 Utah 269, 87 P. 1009; Baldwin v. Brown, 16 N.Y. 359, at page 363; Willie v. Local Realty Co., 110 Utah 523, 175 P.2d 718; Blanchard v. Smith, Utah, 255 P.2d 729; Glenn v. Whitney, 116 Utah 267, 209 P.2d 257; Brown v. Milliner, Utah, 232 P.2d 202, 207; Dragos v. Russell, Utah, 237 P.2d 831, 833; also my concurring opinion in Hummel v. Young, 1 Utah 2d 237, 265 P.2d 410, 414, and 3 Utah Law Review 514, Boundary Line by Acquiescence.

2. See Tripp v. Bagley, 74 Utah 57, 276 P. 912, 69 A.L.R. 1417.

which to base a finding of a boundary line by acquiescence.

The judgment is affirmed with costs to respondents.

McDONOUGH, C. J., and CROCKETT, J., concur.

HENRIOD and WORTHEN, JJ., concur in the result.