## TIME, INC., v. ULTEM PUBLICATIONS, Inc.
### No. 264.

Circuit Court of Appeals, Second Circuit.
April 4, 1938.

Cravath, de Gersdorff, Swaine & Wood, of New York City (William D. Whitney, John F. Harding, and Harold R. Medina, Jr., all of New York City, of counsel), for appellant.

Louis H. Solomon, of New York City (Neilson Olcott, of New York City, William Britton Stitt, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

We see no reason to disturb the disposition made below as to the name, "Life," or the use of block letters. Whatever may be the situation after a trial, the plaintiff has not yet shown why it should be allowed to monopolize the word as a title for a picture magazine, and the added fact that it is written in block letters is scarcely more than a make-weight, if indeed it is as much. However, it appears to us that the make-up, or "lay-out," of the defendant's cover as a whole is too close to the plaintiff's, and that its color ought to be changed. There is no suggestion that such a combination had ever appeared before the plaintiff adopted it, nor does the defendant attempt to excuse imitating it so closely. It is of course true that nobody would buy "Movie Life," supposing it to be "Life," but that possibility is not the only grievance of which the plaintiff may complain. Similarity of make-up usually signifies the same source; the publisher of "Movie Life" is likely to be taken as the publisher of "Life"; if so, the plaintiff may insist that its reputation shall be of its own making alone. Yale Electric Corp. v. Robertson, 2 Cir., 26 F.2d 972; Waterman Co. v. Gordon, 2 Cir., 72 F.2d 272; Three In One Oil Co. v. St. Louis Rubber Cement Co., Cust. & Pat. App., 87 F.2d 479. It is probably too soon to learn whether any actual confusion will result, certainly the plaintiff has not so proved that it has yet done so; but the similarity could scarcely have been accidental in origin, and the defendant refused to make any change when challenged at the very outset. Imitation may supply the place of proof; the plagiarist's motive can only be some advantage to himself, which is most likely to be, in part at any rate, the likelihood that his wares will be taken as first-comer's. It rests with him to disprove this natural inference; until he does we may accept his own estimate of the probabilities. While, therefore, the defendant may be able to prove upon the trial that no confusion can arise, until it does, if it wishes to use the title, "Movie Life," it must change the color of the cover so as clearly to distinguish from that of the plaintiff.

Decree modified and cause remanded for further proceedings in accordance with the foregoing.