**TIME, Incorporated, Appellant,**

v.

**MOTOR PUBLICATIONS, Inc.,**
**Appellee.**

**No. 7024.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 8, 1955.

Decided Dec. 15, 1955.

Harold R. Medina, Jr., New York City (William D. Macmillan, Baltimore, Md., William A. Fisher, Jr., Riderwood, Md., and Oliver C. Biddle, New York City, on brief), for appellant.

Milton S. DuBroff, New York City (Everett L. Buckmaster, Buckmaster, White, Mindel & Clarke, Baltimore, Md., and Martin M. Frank, New York City, on brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and BARKSDALE, District Judge.

BARKSDALE, District Judge.

Time, Inc., a New York Corporation, publisher of the magazine "Life", instituted this action in the District Court for the District of Maryland against Motor Publications, Inc., a Maryland Corporation, publisher of the magazine "Car

Life", for infringement of its trademark, and unfair competition. The District Court, upon the motion of the plaintiff, granted a summary judgment in its favor and enjoined the defendant from certain practices which it found to constitute infringement and unfair competition. Plaintiff has appealed, the sole question presented being whether or not the injunctive relief granted below is sufficiently broad to protect plaintiff from further infringement and unfair competition.

■■ As found by the District Court and set out in its opinion [131 F.Supp. 848]:

"The trade-mark 'Life' has been registered in the United States Patent Office, and has been used continuously by plaintiff and its predecessors since 1883. Since 1936 plaintiff has published a weekly pictorial magazine under the title 'Life' printed in white block letters on a red rectangular background, which has been sold throughout the United States and in various other countries, and has a present average circulation of more than five million copies a week. * * * The defendant began the publication of its magazine 'Car Life' in 1954. In the early issues of this magazine which is published monthly and its size is considerably smaller than that of 'Life', the name 'Car Life' was printed on the front and back covers in white block letters on a red rectangular background; in other words, the same format and color as the title of 'Life' magazine, except for the addition of the word 'Car' preceding the word 'Life'. On later issues the name has appeared on a yellow or blue rectangular background; and the white block letters are outlined in black. Defendant claims that these changes eliminate any right which plaintiff may have previously had for injunctive relief against defendant. * * *

."It is clear that no more than a casual glance at the defendant's title as originally displayed on its magazine, that is, in white block letters on a red rectangular background, is necessary in order to create in one's mind a feeling that there is some relationship between the plaintiff's and the defendant's magazines insofar as their publication is concerned. It is well settled that the test of infringement of a trade-mark does not depend upon the use of identical words, nor on the question whether the words are so similar that a person looking at one would be deceived into the belief that it was the other. It is sufficient if one adopts a trade-name or trade-mark that is so similar to another in appearance or sound that one is likely to become confused or misled. Certainly, the simulation by the defendant, in the early issues of 'Car Life', of the trade-mark of 'Life' was so great as respects both format and color that we do not believe there was anything fortuitous in this similarity, but that it was the result of an intent to capitalize upon the publicity and prestige that had been obtained by 'Life' magazine."

■ Plaintiff does not contend that it has any exclusive property right in color or in the word "Life": it does contend that it has "established a secondary meaning in the trade-mark 'Life' through the color, style, design, form and general makeup of its trade-mark, as to entitle it to protection against resemblances which are likely to deceive or to mislead the public, and thereby to injure the plaintiff and to deprive it of just profits from its magazine."

As to this contention, we agree with what the District Court said:

"In order to obtain injunctive relief against such possible injury, it is not necessary for the one alleged to be injured to produce evidence of actual confusion between the two

products, but merely a reasonable likelihood of such confusion, *or confusion* as to whether the two products have the same producer. The public knows the trade-mark 'Life' not only from 'Life' magazine but also from the 'March of Time News Reel', picture publications such as 'Life's Picture History of World War II', and radio and television presentations sponsored by 'Life'. Since 1936 the plaintiff has expended more than $75,000,000.00 on promotion of its trade-mark. 'Life' leads the list of national weekly magazines both in net paid circulation and in advertising rates, and also ranks ahead of all other national advertising media. In the automotive field, that is, the very field to which defendant's publication is devoted, 'Life's' promotional activities have been very extensive. For example, in the year 1953 passenger car advertising in 'Life' magazine totaled over $8,000,000.00. Thus, a very important factor in the present case is the extensive promotional use of the trade-mark 'Life' by those who advertise in 'Life' magazine. In other words, the public who have seen products advertised in 'Life' are 'pre-sold', so to speak, with regard to those products, and therefore any device calling to the public's attention, at the place where particular products are sold, the fact that they were advertised in 'Life' is a substantial inducement to the public to purchase such products."

■ Although it seems hardly necessary to cite authorities for the proposition that the plaintiff is entitled to injunctive relief for the protection of its trade-mark, the following cases are pertinent: Triangle Publications, Inc. v. Hanson, D.C., 65 F.Supp. 952; Hanson v. Triangle Publications, Inc., 8 Cir., 163 F.2d 74, certiorari denied 332 U.S. 855, 68 S.Ct. 387, 92 L.Ed. 424; J. N. Collins Co. v. F. M. Paist Co., D.C., 14 F.2d 614; W. G. Reardon Laboratories v. B. & B.

Exterminators, D.C., 3 F.Supp. 467, affirmed, 4 Cir., 71 F.2d 515; Parlett v. Guggenheimer, 67 Md. 542, 10 A. 81; Mundon v. Taxicab Co., 151 Md. 449, 135 A. 177.

Plaintiff, Time, Inc., for the protection of its Life trade-mark, has obtained injunctive relief in at least two cases:

In the case of Time, Inc. v. Life Television Corp., D.C., 123 F.Supp. 470, 479, Judge Nordbye, in a well considered opinion, concluded that " * * * since defendants have been practicing their fraud and deceit for over a year", plaintiff was entitled to an injunction enjoining the defendants from *any* trade-mark use of the marks Life and Time or any simulation thereof.

In the case of Time, Inc., v. Ultem Publications, Inc., 96 F.2d 164, while it does not appear from the opinion what the final decree was, the Court of Appeals of the Second Circuit approved an injunction *pendente lite* restraining the publisher of "Movie Life" magazine from using the same color and makeup or "layout" of the cover of Life magazine, and requiring defendant to change the cover on its magazine so as to clearly distinguish it from that of the cover of the magazine Life.

In the instant case, the court below enjoined the defendant from performing the following acts:

"(a) Simulating the name and mark 'Life';

"(b) Giving undue prominence to the word 'Life' in relation to the word 'Car' in the title 'Car Life', either by means of size or style of type, coloring or any other device;

"(c) Using the title 'Car Life' in block letters in white, black or any color on a rectangular block background of any shade of red or on such a background of white."

Plaintiff asserts that the essential elements of the Life trade-mark in its well known form are (1) the word Life, (2) use of block letters, (3) use of a background rectangle, and (4) use of the

colors red and white. Plaintiff does not here contend that defendant should be restrained from using the title "Car Life", but it does strenuously contend that defendant should be restrained from using, in connection with its title "Car Life", more than one of the essential elements of the Life trade-mark. The controversy here is over Paragraph (c), which enjoins the defendant from " * * * Using the title 'Car Life' in block letters in white, black or any color on a rectangular block background of any shade of red or on such a background of white."

It is obvious that this inhibition permits the use of two of the essential elements. As pointed out by plaintiff in its brief, the defendant " * * * is left entirely free to use in conjunction with its title, Car Life, either: (1) the block letter and background rectangle components of the Life mark; (2) the background rectangle and color combination components of the Life mark; or (3) the color combination and block letter components of the Life mark."

We agree that the plaintiff is entitled to an injunction restraining the defendant from using, in connection with its title "Car Life" more than one of the essential elements of the Life trade-mark

and that a more restrictive provision should be inserted in the injunction than paragraph (c). Paragraphs (a) and (b) are not in controversy. It is our conclusion that the final decree should restrain and enjoin the defendant from:

"(a) Simulating the name and mark Life;

"(b) Giving undue prominence to the word Life in relation to the word Car in the title Car Life, either by means of size or style of type, coloring or any other device; and

"(c) Using the title Car Life,

"(1) in block letters, except where there is no use either of the color red or any shade of red or of a background rectangle;

"(2) utilizing a background rectangle, except where there is no use either of the color red or any shade of red, or of block letters; or

"(3) making use of the color red or any shade of red, except where there is no use either of block letters or of any background rectangle."

The decree of the District Court will be modified as indicated above, and as so modified, it is affirmed.

Modified and affirmed.